■ SKM & PARTNERS, Appellant, v ASSOCIATED DRY GOODS CORPORATION, Respondent.—Judgment, Supreme Court, New York County, entered after trial (Irad S. Ingraham, J., and a jury) upon a verdict in favor of plaintiff in the sum of $83,000, which verdict was reduced by the court to the sum of $4,346 plus interest from April 15, 1986, in its decision, dated May 18, 1989, granting in part defendant's motion for a directed verdict, unanimously reversed, on the law, defendant's motion for a directed verdict denied in toto, and the jury's verdict is reinstated, with costs. Judgment is directed to be entered accordingly.

On October 7, 1983, the parties entered into a written agreement whereby plaintiff was to provide architectural services in connection with the renovation of defendant's corporate headquarters. Based upon the square footage involved, plaintiff's fee amounted to $79,000. As the trial court found in its post verdict decision, the parties contemplated that the project would take about six months to complete, but it actually took twenty-six months.

This suit seeks $153,056.78 as the amount due for the fair and reasonable value of plaintiff's additional services. The jury found that the work performed was within the scope of the parties' agreement, but awarded plaintiff $83,000 on its finding that defendant interfered with plaintiff's performance under the agreement. Though it found ample support for the jury's conclusion that the lengthy delays constituted active interference by defendant with plaintiff's performance, the trial court, nevertheless, found that plaintiff's time cards totalling 5,098 hours failed to disclose with sufficient particularity the items which would form a basis for the jury's award of damages and reduced such award to $4,346, the amount agreed to by the parties as unpaid.

Contrary to the court's findings, however, the trial record reveals that plaintiff did, in fact, sufficiently particularize its delay damages with documentary evidence, i.e. the time cards reflecting 5,098 hours expended rather than the approximately 1,400 hours estimated by both plaintiff's and defendant's experts as the normal amount of time for such a project. This documentary evidence when coupled with expert testimony as to the reasonable value of such work based upon industry standards, provided a sufficient basis for the jury's award.

It is well settled that a party damaged by another in the performance of its contract as a result of delays is not required to point to the specific hours expended, or to establish to a mathematical certainty how much of the delay damage was occasioned thereby *(see, Berley Indus. v City of New York,* 45 NY2d 683, 688). Moreover, a motion for judgment N.O.V., involves not a weighing of the evidence, but rather a determination, as a matter of law, that there is no rational basis for the jury's verdict, i.e., "no valid line of reasoning and permissible inferences which could possibly lead rational men [or women] to the conclusion reached by the jury on the basis of the evidence presented at trial." *(Cohen v Hallmark Cards,* 45 NY2d 493, 499.) On the record presented, no such finding can be made. Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.