■ 141 East 47th Street Associates et al., Respondents, v ABR Management, Inc., Appellant. [638 NYS2d 627]

Pursuant to real property management agreements, defendant was designated the exclusive managing and leasing agent for four of plaintiffs' buildings. Plaintiffs commenced this action for breach of these agreements alleging, *inter alia*, that defendant failed to obtain maximum rentals for two residential apartments by charging rent controlled rents, when, in fact, the apartments were not subject to rent control. Additionally, the complaint asserted that the operating expenses for all of the buildings were grossly excessive. The jury awarded damages for these items and we find no basis to set aside that verdict as against the weight of the credible evidence or as excessive.

Specifically, the claim that the management agreements limited liability to instances of recklessness and gross negligence was not advanced at trial in any fashion and is thus waived and may not be raised for the first time on appeal (*see, Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, *lv denied* 78 NY2d 856). In any event, the evidence permitted the conclusion that defendant was grossly negligent or acted in reckless disregard of its obligations under the agreement. The agreement required the defendant to use its best efforts to execute renewal leases as required by applicable law. It was established at trial that two of the apartments were rented as if they were rent controlled, when, in fact, leases for these apartments were at all times in the files for the building and should have indicated that the apartments were not subject to rent control. There was unquestioned expert testimony as to the value of these units. This expert testimony was not challenged and the damages found by the jury for defendant's failure to charge appropriate rentals was not speculative and will not be disturbed on appeal.

Additionally, plaintiffs' expert, whose credentials were not challenged by the defendant, likewise offered convincing testimony that the operating expenses for these buildings were well above industry standards. Since the expert witness was available for cross-examination and was also testifying from first-hand knowledge, it was not necessary to submit the factual predicate for his opinion at trial (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726). Accordingly, this award of damages was not speculative and, in any event, was not challenged on this ground at trial. Finally, the failure of plaintiffs' expert to specifically itemize each area of excessive operating expenses is not fatal, inasmuch as the industry standard was far exceeded, a fact not seriously contested by defendant's principal (*see, SKM & Partners v Associated Dry Goods Corp.*, 178 AD2d 156).

We have considered the defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.