■ EMALINDA RAMIREZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [671 NYS2d 456] —Judgment, Supreme Court, Bronx County (Barry Salman, J., and a jury), entered on or about January 7, 1997, awarding plaintiff the principal structured sum of $448,500 after apportioning fault 75% against defendant and 25% against plaintiff, and bringing up for review an order of the same court and Justice, entered April 8, 1996, which denied defendant's motion to set aside the verdict, unanimously modified, on the facts, to vacate the award of damages and direct a new trial on the issue of damages, and otherwise affirmed, without costs, unless, within 30 days of the date of this order, plaintiff stipulates to decrease the award of damages for future pain and suffering to $90,000 and the award of damages for future loss of earnings to $120,000, respectively, after apportionment, and to entry of an amended judgment in accordance therewith.

In this action for injuries sustained when an incinerator chute hopper slammed shut on plaintiff's right hand, the trial court properly instructed the jury that liability could be found on the basis of res ipsa loquitur (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495), and the evidence was sufficient for the determination of liability. Under the circumstances, the incident was of a kind that ordinarily does not occur in the absence of negligence, and defendant was in exclusive control of the internal mechanism of the apparatus to which tenants would not ordinarily be expected to have access. Defendant's argument that the instruction was not warranted because the accident could have been due to plaintiff's voluntary action or contribution is unpreserved for our review (*141 E. 47th St. Assocs. v ABR Mgt.*, 225 AD2d 341) and, in any event, unavailing (*see, Ebanks v New York City Tr. Auth.*, 118 AD2d 363, 366, *revd on other grounds* 70 NY2d 621). In view of the foregoing, it is unnecessary to determine whether there was a sufficient basis in the record for the opinion of plaintiff's expert with respect to the existence of a defect in the chute hopper. We note, however, that there was sufficient evidence of actual notice based upon the testimony of a tenant; the authorities relied upon by defendant for its contention to the contrary are distinguishable since they involve constructive notice. The testimony of plaintiff's examining physician was sufficiently assertive and had an adequate basis in the record to establish the cause of her ring finger tendon injury (*see, Matott v Ward*, 48 NY2d 455, 461). However, the award deviates materially from what is reasonable compensation under the circumstances to the extent indicated. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.