■ GEORGE L. DIPLACIDI, Respondent, v HERBERT L. GRUDER, Appellant.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on August 28, 1986, which granted plaintiff's motion for summary judgment pursuant to CPLR 3213 and awarded judgment against defendant in the sum of $200,000 plus interest, costs and disbursements, is reversed on the law and plaintiff's motion for summary judgment denied, with costs and disbursements. Plaintiff is directed to serve his complaint within 30 days of the date of this order.

Plaintiff has moved pursuant to CPLR 3213 for summary judgment in lieu of complaint in this action based upon an instrument for the payment of money only. At issue are two promissory notes executed by defendant in exchange for two loans allegedly extended by one Steven Juda to defendant. Plaintiff subsequently acquired these notes from Juda and commenced the instant action when defendant refused to make payment. According to defendant in response to the motion, he became acquainted with Juda while employed as a salesperson for a corporate printing firm when Juda was one of his accounts. Defendant further states that Juda was indicted sometime in 1980 in the United States District Court, Eastern District of New York, for embezzlement and that he was later found guilty of the charges against him and sentenced to a six-year term of imprisonment. It is defendant's contention that Juda, who had access to his signature as a result of their business correspondence, forged the notes in question and that while the signatures on the notes appear genuine, there are a number of easily discernible distinctions between his real signature and the forgeries. In that regard, defendant sets forth in his affidavit three of these purported differences. Finally, defendant denies that he ever received

anything of value from Juda which would require him to sign promissory notes or that he owes Juda any sum of money whatever.

In granting plaintiff's motion for summary judgment in lieu of complaint, the Supreme Court held that defendant had failed to rebut plaintiff's prima facie case, including the instruments themselves, and also noted that defendant had neglected to submit an affidavit by a handwriting expert. However, the necessity of expert testimony would seem to be more appropriate for proof at trial. In our view, defendant has raised sufficient questions of fact, particularly with respect to his claim of forgery, to preclude summary judgment. Concur—Kupferman, J. P., Sandler, Carro, Milonas and Smith, JJ.