■ DOUGLAS ELLIMAN-GIBBONS & IVES, INC., Respondent, v MICHAEL KELLERMAN, Appellant.—Plaintiff-respondent's motion for reargument is granted, the order of this Court entered on December 20, 1990 (168 AD2d 362), which reversed a judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered December 13, 1989 and dismissed the complaint, is recalled and vacated and, upon reargument, the judgment is affirmed, without costs.

In the original decision on this appeal, we held that, because the realtor's license introduced into evidence at trial by the corporate plaintiff did not take effect until six months after the transaction at issue, plaintiff failed to make out a *prima facie* case that it was a licensed broker, as required by Real Property Law § 442-d. Upon reconsideration, we are persuaded that reversal was not warranted on this ground because defendant failed to bring this alleged defect in plaintiff's proof to the attention of the IAS court by way of a motion directed toward the sufficiency of the evidence either during or after trial, and the issue is therefore not preserved for our review as a matter of law *(see, Nelson v Times Sq. Stores Corp.,* 110 AD2d 691). Indeed, the issue upon which defendant seeks reversal was not mentioned at all at trial. While defendant's attorney stated generally at the outset of the testimony of plaintiff's vice-president that he did not intend to concede that plaintiff was licensed, when plaintiff sought to introduce the license in question into evidence, defendant objected solely on the ground that it was a photocopy, and made no mention of the fact that it was dated subsequent to the instant transaction.

Furthermore, plaintiff's vice-president, who was the individ-

ual broker who arranged the transaction, testified that he had been licensed continuously since 1976, had been employed by plaintiff since 1978, and had been a vice-president since 1982. This evidence was uncontroverted. Since no issue has ever been raised regarding the propriety of the vice-president's representative license at the time of the transaction, in view of the provisions of Real Property Law § 441-b (2), it may be presumed that the corporation was also properly licensed at that time.

Thus, at most, defendant's argument on appeal demonstrates a technical defect in plaintiff's proof that could have been addressed had it been raised before the IAS court. An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance *(Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561).

Nor do we find that defendant's other arguments on appeal warrant reversal. There is no basis for disturbing the finding of the trial court that plaintiff demonstrated that it had produced a buyer ready, willing, and able to purchase the property on defendant's terms. The record fully supports the court's conclusion that the allegedly outstanding issues which defendant claims remained to be settled between the parties were extraneous to the offer and acceptance. With respect to the terms of the contract between the parties, defendant argues that, by executing a copy of a letter from defendant which stated that the brokerage fee would be payable "as, if, and when title passed", plaintiff thereby agreed to modify the terms of the brokerage agreement to make the closing of the transaction a condition of its entitlement to a fee. However, in executing this letter, plaintiff had added language providing that its fee would be due upon defendant's willful default. On a prior appeal, this court held that these writings created a question of fact as to the intent of the parties (145 AD2d 366). The IAS court's finding that the evidence as a whole demonstrated that the parties did not believe that, in executing the letter, plaintiff was abrogating the rights to which it was already entitled under the brokerage agreement, rather than merely setting the closing as the time for payment *(see, Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828), was fully supported by the record. Finally, we find no bias demonstrated by the court's remarks. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.