■ Michael McKenna, Respondent, v Double G Development Corp., Appellants, et al., Defendants. [674 NYS2d 356] —Order, Supreme Court, New York County (David Saxe, J.), entered December 6, 1996, which, insofar as appealed from, denied defendants' motion to dismiss plaintiff's cause of action to recover underpayment of wages on various theories and punitive damages for fraud, unanimously affirmed, with costs.

The IAS Court properly found an issue of fact as to whether the general release allegedly signed by plaintiff was forged,

where the notary and witnesses to the release were interested persons and there is no evidence of plaintiff taking any action consistent with his alleged execution of the release (*compare, Son Fong Lum v Antonelli*, 102 AD2d 258, 261-262, *affd.* 64 NY2d 1158). Moreover, assuming that plaintiff's claim that the release was forged does not estop him from challenging its enforceability in the event it is determined that it was not forged, the circumstances surrounding its execution, including, in particular, the absence of any consideration running to plaintiff, warrant further exploration of its conscionability (*see, Matter of Canarsie Plumbing & Heating Corp. v Goldin*, 151 AD2d 331). Concerning the fifth cause of action for fraud, we agree with the IAS Court that it suffices to give notice that plaintiff is claiming that defendants arranged for a false notarization of a release they knew to be forged, and that "it is premature to render an absolute determination at this preliminary stage as to what remedies are available" for such wanton conduct, if true. Even if the claim for punitive damages can only be said to arise from a breach of contract, an issue would still remain as to whether defendants' alleged use of a falsely notarized forged release for the purpose of impeding a governmental investigation of a prevailing-wage claim should be categorized as an egregious independent tort that was part of a pattern of conduct directed at the public (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316). We have considered defendants' other arguments and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Andrias, JJ.