■ DELLWOOD COUNTRY CLUB, INC., Appellant, v BUDGET RENT A CAR CORPORATION, Respondent, et al., Defendant. [699

NYS2d 482] —In an action to recover for property damage, the plaintiff appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated November 25, 1998, as granted that branch of the cross motion of the defendant Budget Rent A Car Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered December 10, 1998, upon the order. The notice of appeal from the order dated November 25, 1998, is deemed also to be a notice of appeal from the judgment entered thereon (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the cross motion of the defendant Budget Rent A Car Corporation (hereinafter Budget) which was for summary judgment dismissing the complaint insofar as asserted against it. Budget established its entitlement to judgment as a matter of law, and the plaintiff failed to demonstrate by admissible evidence the existence of a factual issue requiring a trial (*see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zambito v Catanzaro,* 264 AD2d 839).

The Supreme Court properly rejected the plaintiff's claim that Budget's cross motion should be denied pending completion of discovery (*see,* CPLR 3212 [f]). By moving for summary judgment before completion of discovery, the plaintiff charted its own procedural course in this case and may not now be heard to complain (*see, John Eric Jacoby, M.D., P. C. v Loper Assocs.,* 249 AD2d 277, 278). Furthermore, between the commencement of the action in August 1996 and the motion for summary judgment in July 1998, the plaintiff did not avail itself of the opportunity to obtain the discovery which it now contends is outstanding (*see, Douglas Manor Assn. v Alimaras,* 215 AD2d 522, 524). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.