GABRIEL ARTIGAS, Appellant, v RENEWAL ARTS REALTY CORP., Respondent. GABRIEL ARTIGAS, Appellant, v 76 WADSWORTH AVE. OPERATING CORP., Respondent. GABRIEL ARTIGAS, Appellant, v 4500 PARK AVE. CORP., Respondent. GABRIEL ARTIGAS, Appellant, v 1818-1838 AMSTERDAM AVE., LLC, Respondent. [803 NYS2d 12]—

Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 9, 2004, dismissing the petitions to dissolve respondents, unanimously affirmed, with costs.

The petition as to 1818-1838 Amsterdam Ave., LLC was properly dismissed because that entity is a limited liability company, not a corporation; hence, it is governed by the Limited Liability Company Law, not the Business Corporation Law (*see Schindler v Niche Media Holdings*, 1 Misc 3d 713, 716 [2003]). The petition did not plead the requisite grounds for dissolution of a limited liability company (*see* Limited Liability Company Law §§ 701-702).

The petition as to 4500 Park Ave. Corp. was properly dismissed because petitioner admitted that he was not a shareholder of that corporation. In order to bring a petition to dissolve a corporation, the petitioner must represent at least one half of the votes in case of deadlock (Business Corporation

Law § 1104 [a]) or 20% of the votes in case of oppression (Business Corporation Law § 1104-a [a]).

The petitions as to Renewal Arts Realty Corp. and 76 Wadsworth Ave. Operating Corp. were properly dismissed because petitioner sold his interests in those corporations, as well as in 1818-1838 Amsterdam and two other entities not at issue on this appeal, before bringing his petitions. Petitioner failed to raise a triable issue of fact as to the authenticity of the buyout agreement. The notarization creates a presumption of due execution (*Son Fong Lum v Antonelli*, 102 AD2d 258, 260 [1984], *affd* 64 NY2d 1158 [1985]; CPLR 4538), and petitioner did not even claim that his signature was forged. On the contrary, his affidavit supports the inference that he signed the agreement without reading it.

Petitioner's claim that the buyout agreement may be invalid because it did not comply with certain corporate formalities is improperly raised for the first time on appeal, and we decline to consider it (*see Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307 [1991], *lv denied* 78 NY2d 856 [1991]). Had such argument been properly raised, respondents would have had the opportunity to submit their certificates of incorporation and bylaws. As it is, those documents are dehors the record, and neither side has indicated what they state.

It was not necessary to delay judgment in favor of respondents in order to permit discovery, petitioner having failed to show that facts essential to show his standing as a shareholder might exist but could not be stated (*see* CPLR 3212 [f]). Vague and speculative allegations of wrongdoing are insufficient to support a request for disclosure (*see Citibank, N.A. v Furlong*, 81 AD2d 803 [1981]). The issue of whether the buyout agreement was misrepresented to petitioner is within his own knowledge (*see C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.*, 110 AD2d 508, 509 [1985]), and whether the consideration was adequate is irrelevant (*see Roffe v Weil*, 161 AD2d 509, 510 [1990]).

Because we find that petitioner lacks standing, we do not reach the issue of whether the petitions stated a cause of action for dissolution. Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.