■ HICKSVILLE DRY CLEANERS, INC., on Behalf of Itself and All Others Similarly Situated, Appellant, v STANLEY FASTENING SYSTEMS, L.P., Respondent. [830 NYS2d 530]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered December 12, 2005, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss, for failure to state a cause of action, plaintiff's causes of action for breach of express warranty and breach of contract, and order, same court and Justice, entered July 7, 2006, which, insofar as appealed from as limited by the briefs, granted defendant's cross motion for summary judgment dismissing the remainder of the complaint alleging violation of General Business Law § 349, unanimously affirmed, without costs.

The cause of action for breach of express warranty was properly dismissed for failure to set forth the terms of the alleged warranty with sufficient particularity to give fair notice thereof (CPLR 3013; *see Murrin v Ford Motor Co.*, 303 AD2d 475, 477 [2003]). Plaintiff's allegation that it purchased the allegedly defective product from defendant is flatly contradicted by defendant's sales records, and, absent any evidence in plaintiff's opposition tending to substantiate such allegation, the cause of action for breach of contract was properly dismissed (CPLR 3211 [a] [1]; *see Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1991], *lv denied* 80 NY2d 788 [1992]). The cause of action under General Business Law § 349 was properly dismissed for lack of evidence tending to show a material deceptive act or omission. Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.