■ Zvi Sprung, as Executor of Sara Sprung and Another, Deceased, Plaintiff, v Command Security Corporation et al., Defendants. Joan Belinc, as Executrix of Raymond D'Amelio, Deceased, Respondent, v Command Security Corporation, Appellant, and Amalgamated Dwellings, Inc., et al., Respondents, et al., Defendant. [833 NYS2d 60]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 11, 2006, which, in an action arising out of the murders of plaintiff's decedents in an apartment owned and managed by defendants-respondents (herein collectively the owner), insofar as appealed from, denied the motion of defendant-appellant security company (the company) to dismiss as against it plaintiff's causes of action sounding in tort, and the owner's cross claim for indemnification and contribution, unanimously affirmed, without costs.

Paragraph A of the subject security services agreement

provides that the company "shall furnish [owner] with . . . Security Personnel [defined as 'uniformed or plainclothes guards and/or other security personnel'] at such location or locations from such starting dates and times and during such hours with such special equipment . . . as [company] and [owner] shall mutually agree upon in writing." Paragraph E provides, insofar as pertinent:

"[Owner] acknowledges that [company] is not an insurer. . . . The services provided under this agreement are solely for the benefit of the [owner] and neither this agreement nor any services rendered thereunder shall give rise to, or shall be deemed to or construed so as to confer any rights on any other party as a third party beneficiary or otherwise. [Company] shall be liable for personal injury or property damage resulting directly from the negligent performance of the services rendered under this agreement with the following limits: . . .

"3. Property damage and bodily injury with a combined single limit of $80,000,000 per occurrence."

With respect to the complaint, since the contract does not specify the services to be furnished, it cannot be conclusively determined, on the basis of the documentary evidence (CPLR 3211 [a] [1]) whether the company had "entirely displaced" or "comprehensively absorbed" the owner's common-law duty, if any, to secure the premises against the type of crime that resulted in the deaths of plaintiff's decedents (see Rahim v Sottile Sec. Co., 32 AD3d 77, 80, 82 [2006], citing Espinal v Melville Snow Contrs., 98 NY2d 136, 140, 141 [2002]). Should plaintiff show such duty (but cf. id. at 82 n) and displacement, he would have a cause of action in tort against the company based on its negligent performance of its contract with the owner (cf. id. at 82).

With respect to the cross claim, since the contract does not specify the services to be furnished, it cannot be conclusively determined, on the basis of the documentary evidence, whether the company was negligent in the performance of the contracted services, and, if so, whether such negligence contributed to the murders. Should the owner show such negligence and causation, it would have, under the contract, a cause of action against the company for contribution up to $80 million. Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.