■ BENHOPE MARLON MUNROE et al., Respondents, v GOPAL BURGHER et al., Appellants, et al., Defendants. [841 NYS2d 636]— In an action, inter alia, to recover a down payment made pursuant to a contract of sale of real property, and for specific performance of a contract of sale of real property, the defendants Gopal Burgher and Khani Burgher appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 26, 2006, which, upon an order of the same court entered April 27, 2006, granting the plaintiffs' motion for leave to enter judgment against them upon their failure to timely serve an answer, and upon so much of an order of the same court entered June 13, 2006, as denied that branch of their motion which was pursuant to CPLR 5015 (a) (1) to vacate their default in answering, is in favor of the plaintiffs and against them, among other things, directing specific performance of the subject contract of sale of real property.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, the orders entered April 27, 2006, and June 13, 2006, are vacated, the plaintiffs' motion is denied, that branch of the motion of the defendants Gopal Burgher and Khani Burgher which was pursuant to CPLR 5015 (a) (1) to vacate their default in answering is granted, and the proposed answer of the defendants Gopal Burgher and Khani Burgher in the form attached to their moving papers is deemed served upon service of a copy of this decision and order upon the plaintiffs.

The appellants moved to dismiss the complaint pursuant to CPLR 3211. After the motion was denied, the appellants failed to answer within the time required by CPLR 3211 (f). To vacate their default in answering pursuant to CPLR 3211 (f), the appellants were required to demonstrate a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Waste Mgt. of N.Y., Inc. v Bedford-Stuyvesant Restoration Corp.,* 13 AD3d 362 [2004]; *cf. Ennis v Lema,* 305 AD2d 632, 633 [2003]). The appellants proffered a justifiable excuse for the short delay in serving an answer (*see Kranz v Braverman,* 15 AD3d 451 [2005]; *Fine v Fine,* 12 AD3d 399 [2004]; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487-488 [1992]), and demonstrated a potentially meritorious defense through the affidavit of the appellant Gopal Burgher (*see Franklin v 172 Aububon Corp.,* 32 AD3d 454 [2006]). Accordingly, that branch of the appellants' motion which was to vacate their default

should have been granted. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.