■ FINANCIAL PACIFIC LEASING, LLC, Respondent, v D & D WIRE, INC., Doing Business as D & D BAKERY, et al., Defendants, and DENISE ROBERTSON, Appellant. [843 NYS2d 657]—

In an action, inter alia, to recover damages for breach of an equipment lease, the defendant Denise Robertson appeals from (1) an order of the Supreme Court, Suffolk County (Weber, J.), dated March 23, 2006, which granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against her and denied her motion to compel discovery, and (2) an order of the same court dated June 18, 2006, which denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated June 18, 2006, as denied that branch of the motion of the defendant Denise Robertson which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 18, 2006, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 23, 2006, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant D & D Wire, Inc., doing business as D & D Bakery (hereinafter D & D Bakery), executed a written lease, signed by the defendant John Dedio and allegedly signed by the defendant Denise Robertson, as President of D & D Bakery and individually. Robertson also allegedly signed a provision of the lease guaranteeing payment of the corporate obligations. Pursuant to the terms of the lease, D & D Bakery leased equipment from the plaintiff Financial Pacific Leasing and was to have

made certain monthly lease payments. The plaintiff thereafter brought the instant action against the defendants, claiming they had defaulted on their obligations under the subject lease. After the defendants failed to answer the complaint, a default judgment was entered against them. The defendants moved to vacate the default judgment, and the parties stipulated to vacate the default solely to the extent that it was entered against Robertson. The Supreme Court thereafter granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Robertson, and denied Robertson's motion for leave to renew and reargue.

The Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by presenting the subject lease, which bore Robertson's signatures (*see Cochran Inv. Co., Inc. v Jackson*, 38 AD3d 704 [2007]; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676 [2007]). In opposition, Robertson failed to raise a triable issue of fact as to whether her signatures were forgeries (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381 [2004]).

That branch of Robertson's motion which was for leave to renew failed to contain reasonable justification for the failure to present the newly asserted facts on the prior motion. Therefore, that branch of the motion was properly denied (*see* CPLR 2221 [e]).

Robertson's remaining contention is without merit. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.