■ Norma Reshevsky et al., Appellants, v United Water New York, Inc., Respondent. [846 NYS2d 616]—

In an action to recover damages for personal injuries and injury to property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Smith, J.), entered December 19, 2006, which denied their motion for leave to renew and reargue the defendant's prior motion for summary judgment, which had been granted in an order of the same court dated December 6, 2005.

Ordered that the appeal from so much of the order entered December 19, 2006 as denied that branch of the plaintiffs' motion which was for reargument is dismissed; and it is further,

Ordered that order entered December 19, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from so much of the order entered December 19, 2006 as denied that branch of the plaintiffs' motion which was

for reargument must be dismissed, as no appeal lies from an order denying reargument (*see Crawn v Sayah*, 31 AD3d 367 [2006]; *Koehler v Town of Smithtown*, 305 AD2d 550, 551 [2003]).

Review of the order entered December 19, 2006 is further limited by the dismissal, for lack of prosecution, of the plaintiffs' prior appeal from the original order dated December 6, 2005, by decision and order on motion of this Court dated January 11, 2007. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for lack of prosecution (*see Bray v Cox*, 38 NY2d 350 [1976]), although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]; *St. Claire v Gaskin*, 295 AD2d 336, 337 [2002]). In the instant case, there is no basis for such consideration.

Given this limited review, we affirm the denial of renewal on the ground that the plaintiffs failed to offer a reasonable justification for failing to present the evidence offered in support of renewal in their opposition to the defendant's original motion (*see* CPLR 2221 [e]; *Financial Pac. Leasing, LLC v D & D Wire, Inc.*, 44 AD3d 706 [2007]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). The plaintiffs' contention that they "subsequently realized that a qualified expert, a licensed plumber, was needed" to interpret the evidence does not constitute a reasonable justification since the plaintiffs were represented by counsel at the time the original motion was made and submitted expert opinion evidence in opposition to the defendant's original motion. In any event, the affidavit of the plaintiffs' licensed plumber was insufficient to change the prior determination (*see State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.