■ SARA KINBERG, Appellant, v YORAM KINBERG, Respondent. [858 NYS2d 113]—

Order, Supreme Court, New York County (Joan Lobis, J.), entered March 25, 2002, which, to the extent appealed from as limited by the brief, dismissed plaintiff's complaint in her 2001 action to set aside the parties' 2000 separation agreement, and directed her to pay defendant $250 in connection with fees for a religious divorce, and order, same court and Justice, entered December 5, 2006, which, insofar as appealable, denied renewal of the March 25, 2002 order, unanimously affirmed, without costs. Appeal from resettled judgment of the same court

(Jacqueline W. Silbermann, J.), entered October 26, 2000, which dissolved the marriage and directed maintenance, child support and equitable distribution, unanimously dismissed, without costs.

Plaintiff's allegations in support of her claim that the separation agreement is unconscionable or a product of duress or fraud are inherently incredible or flatly contradicted by documentary evidence (see *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1999], *affd* 94 NY2d 659 [2000]), including the agreement itself and the minutes of the court's careful and thorough allocution of plaintiff, during which plaintiff showed no sign of being coerced or too ill to understand the agreement into which she was entering. The award of $250 to defendant as plaintiff's share of $5,600 in fees for a religious divorce in Israel is supported by the record. Plaintiff's motion for renewal four years after the original order was entered was not based on any additional facts that were unknown to her at the time of the original motion, and plaintiff failed to offer an excuse for omitting such facts (see *Elson v Defren*, 283 AD2d 109, 113 [2001]; *Tri-Land Props. v 115 W. 28th St. Corp.*, 247 AD2d 233 [1998]). In any event, the additional facts she presented did not warrant a departure from the motion court's original determinations.

As we denied plaintiff leave to consolidate an appeal from the resettled judgment with her appeals from the March 25, 2002 and December 5, 2006 orders (M-5057, M-5275, M-5332 [2007 NY Slip Op 82410(U)]), we have not considered her arguments in connection with the former appeal, and that appeal is dismissed. Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.