■ BROWN BARK I, L.P., Respondent, v IMPERIAL DEVELOPMENT AND CONSTRUCTION CORP. et al., Appellants. [882 NYS2d 919]—

In an action, inter alia, to recover on a promissory note and individual guaranties thereof, the defendant Leila Khan appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered December 6, 2007, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her, (2) from so much of a judgment of the same court entered December 14, 2007, as, upon the order entered December 6, 2007, is in favor of the plaintiff and against her in the principal sum of $198,135, and (3) from so much an order of the same court entered June 26, 2008, as denied her motion for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against her; and the defendants Imperial Development and Construction Corp. and Zaffaula Khan, also known as Zaff Khan, also appeal from the same orders and judgment.

Ordered that the appeals by the defendants Imperial Development and Construction Corp. and Zaffaula Khan, also known as Zaff Khan, are dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by the defendant Leila Khan from the order entered December 6, 2007, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant Leila Khan; and it is further,

Ordered that the order entered June 26, 2008, is affirmed insofar as appealed from by the defendant Leila Khan; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal by the defendant Leila Khan from the intermediate order entered December 6, 2007, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal by Leila Khan from the judgment (*see* CPLR 5501 [a] [1]).

In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Leila Khan (hereinafter Mrs. Khan), the plaintiff made a prima facie showing of entitlement to judgment as a matter of law. In opposition thereto, Mrs. Khan claimed that

her signature on the individual guaranty was a forgery. However, her bare, self-serving claim to that effect was insufficient to raise a triable issue of fact (*see North Fork Bank Corp. v Graphic Forms Assoc., Inc.,* 36 AD3d 676 [2007]; *Acme Am. Repairs, Inc. v Uretsky,* 39 AD3d 675, 677 [2007]; *JPMorgan Chase Bank v Gamut-Mitchell, Inc.,* 27 AD3d 622, 622-623 [2006]; cf. *Diplacidi v Gruder,* 135 AD2d 395, 395-396 [1987]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Mrs. Khan.

In addition, the Supreme Court properly denied Mrs. Khan's subsequent motion for leave to renew her opposition to that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against her. In support of her motion, Mrs. Khan proffered an affidavit from a purported expert "document examiner." However, Mrs. Khan failed to offer a reasonable justification for failing to present this evidence in opposition to the plaintiff's original motion (*see* CPLR 2221 [e]; *Reshevsky v United Water N.Y., Inc.,* 46 AD3d 532, 533 [2007]). Her contentions that she did not know that she needed to submit an expert opinion regarding the forgery claim, and did not want to incur unnecessary litigation expenses at the time of the earlier opposition to the summary judgment motion, do not constitute reasonable justification. She was represented by counsel at the time the original motion was made (*see Reshevsky v United Water N.Y., Inc.,* 46 AD3d at 533). In any event, under the circumstances presented, the conclusory affidavit of the purported expert, which failed to set forth any analytical basis for his conclusion that the signature on the guaranty at issue was not Mrs. Khan's genuine signature, was insufficient to warrant a change of the prior determination (*see Ioffe v Hampshire House Apt. Corp.,* 21 AD3d 930, 931 [2005]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.