OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiff sues defendant Harriet Lancaster for damages and equitable relief because in November 2007 she excluded him from premises at 3363 Barnes Avenue, Bronx County, where he had resided since at least July 1994. Plaintiffs first six claims seek to: (1) recover possession of the premises (RPAPL 601, 631, 633); (2) partition the premises (RPAPL 901 [3]; 903); (3) recover the value of his lost use and occupancy of the premises from January 2008 due to defendant’s exclusion of him; (4) determine their adverse claims (Real Property Law art 15 [now repealed]); and (5) cancel a recorded instrument, a deed conveying plaintiffs interest in the premises to defendant. (Real Property Law § 329.) His seventh and eighth claims seek to recover possession of and damages for his personal property of which he has been deprived at the premises.
Defendant Beneficial Homeowner Service Corporation has not appeared in the action. Defendant Lancaster moves to dismiss plaintiffs complaint against her based on conclusive documentary evidence. (CPLR 3211 [a] [1].) For the reasons explained below, the court denies defendant Lancaster’s motion.
II. Defendant Lancaster’s Motion to Dismiss the Complaint
A. Merits of Lancaster’s Motion
Dismissal of the complaint and its specific claims pursuant to CPLR 3211 (a) (1) requires documentary evidence that conclusively resolves all factual issues and establishes a defense as a matter of law. (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; McCully v Jersey Partners, Inc., 60 AD3d 562 [1st Dept 2009]; Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006]; Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 289 [1st Dept 2003].) The documentary evidence must plainly and flatly contradict the claims in the complaint. (KSWMech. Servs., Inc. v Willis ofN.Y., Inc., 63 AD3d 411 [1st *887 Dept 2009]; Arfa v Zamir, 55 AD3d 508, 509 [1st Dept 2008]; Kinberg v Kinberg, 50 AD3d 512, 513 [1st Dept 2008]; Sprung v Command Sec. Corp., 38 AD3d 478, 479 [1st Dept 2007].) The complaint or individual claims may be dismissed based on such evidence unless plaintiff rebuts it. (Hicksville Dry Cleaners, Inc. v Stanley Fastening Sys., L.P., 37 AD3d 218 [1st Dept 2007].)
The parties do not dispute that in July 1994 Emma Boyd, plaintiffs wife and defendant Lancaster’s mother, conveyed the premises at 3363 Barnes Avenue to plaintiff and Lancaster jointly. In 1999, Boyd died, and Lancaster moved into the premises. She attests that in May 1999 plaintiff conveyed his interest in the premises to her, but continued to live there without paying for rent or for use and occupancy, until he moved out with most of his personal property in November 2007 to live with his girlfriend. Lancaster further attests that in May 2008 plaintiff instructed her to throw out his remaining personal property at the premises.
Lancaster supports her motion to dismiss the complaint with an authenticated copy of a bargain and sale deed dated May 10, 1999 and executed by plaintiff, conveying to defendant his interest in the premises. The deed is acknowledged by a notary, which is prima facie evidence that it was executed by plaintiff. (CPLR 4538; Artigas v Renewal Arts Realty Corp., 22 AD3d 327, 328 [1st Dept 2005]; Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1st Dept 1999]; Olympus Servicing, L.P. v Lee, 56 AD3d 537 [2d Dept 2008]; Beshara v Beshara, 51 AD3d 837, 838 [2d Dept 2008].) As the deed directly contradicts plaintiffs claimed joint ownership of the premises, this evidence supports dismissal of plaintiffs first six claims in his complaint. (Matz v Prospect Energy Corp., 63 AD3d 619, 620 [1st Dept 2009]; Beck-man Regent Condominium Assn. v Greater N.Y. Mut. Ins. Co., 45 AD3d 311 [1st Dept 2007]; E. Lee Martin, Inc. v Saks & Co., 30 AD3d 1139, 1140 [1st Dept 2006].) Lancaster’s documentary evidence does not bear on plaintiffs seventh and eighth claims regarding his personal property, however, and warrant their dismissal. (Id.)
B. Opposition to Lancaster’s Motion
To defeat a motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), plaintiffs complaint or opposition to the motion must undermine defendant’s documentary evidence or raise a factual issue regarding the claim refuted by defendant’s documentary evidence. (Hicksville Dry Cleaners, Inc. v Stanley Fastening Sys., L.P, 37 AD3d 218 [2007]; Torrenzano Group, *888 LLC v Burnham, 26 AD3d 242 [1st Dept 2006]; Grant v Udoye, 288 AD2d 160, 161 [1st Dept 2001]; Berenthal & Assoc. v Mechanical Plastics Corp., 288 AD2d 143, 144 [1st Dept 2001].) In opposition, plaintiff attests that he “never signed any documents or deed conveying my interest” in the premises. (Aff of Gregory Preston, exhibit B, If 9.) Since the court must accept any opposing affidavits as true and construe them liberally (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Richbell Info. Servs. v Jupiter Partners, 309 AD2d at 289), his affidavit raises an issue regarding the authenticity of his signature on the deed conveying his ownership interest in the premises. (Cicale v Wachovia Bank N.A., 56 AD3d 392, 393 [1st Dept 2008]; Berenthal & Assoc. v Mechanical Plastics Corp., 288 AD2d at 144; Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1999]; McKenna v Double G Dev. Corp., 251 AD2d 202, 203 [1st Dept 1998]; see Artigas v Renewal Arts Realty Corp., 22 AD3d at 328.)
While clear and convincing evidence that plaintiffs signature was forged ultimately is required to rebut due execution, that heightened standard of proof applies not to defeat a motion to dismiss, but to defeat summary judgment (Cicale v Wachovia Bank N.A., 56 AD3d at 392-393; Seaboard Sur. Co. v Earthline Corp., 262 AD2d at 253; Brown Bark I, L.P. v Imperial Dev. & Constr. Corp., 65 AD3d 510, 511-512 [2d Dept 2009]; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621-622 [2d Dept 2008]), or to prevail at trial. (Son Fong Lum v Antonelli, 102 AD2d 258, 260-261 [2d Dept 1984], affd 64 NY2d 1158 [1985]; Bryant v Bryant, 58 AD3d 496 [1st Dept 2009]; Chianese v Meier, 285 AD2d 315, 320 [1st Dept 2001]; Olympus Servicing, L.P. v Lee, 56 AD3d at 537-538.) Lancaster charted her own course in moving to dismiss the complaint rather than for summary judgment. (E.g. Hyundai Corp. v Republic of Iraq, 20 AD3d 56, 59 [1st Dept 2005]; Travelers Ins. Co. v Job, 239 AD2d 289, 293 [1st Dept 1997]; Dellwood Country Club v Budget Rent A Car Corp., 267 AD2d 194 [2d Dept 1999]; Shayne v Julien, Schlesinger & Finz, P.C., 110 AD2d 761, 762 [2d Dept 1985].) Upon a motion to dismiss, CPLR 3211 (c) does not afford the court the discretion to look behind the complaint and treat the motion as one for summary judgment, unless the court first gives notice to the parties, or defendant and plaintiff both so treat the motion. (E.g. Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]; MacDonald v Prudential Sec., 247 AD2d 346, 347 *889 [1st Dept 1998]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 318, 320 [1st Dept 1987].)
Because the complaint, consistent with the absence of any such conveyance, does not address the alleged deed at all, plaintiff opposes Lancaster’s motion by merely referring to his affidavit, which alleges simply that he “did not sell his interest in the Premises to defendant Harriet Lancaster.” (Preston aff, exhibit A, 1Í 9.) Like a complaint, his affidavit is bereft of extensive details or corroboration, and whether the affidavit is supported by further evidence must await summary judgment or trial. (E.g. Four Seasons Hotels v Vinnik, 127 AD2d at 318-319, 321.)
To withstand dismissal, plaintiffs allegations are sufficiently definite, are neither inherently incredible nor mere legal conclusions, and controvert defendant’s documentary evidence. (Berenthal & Assoc. v Mechanical Plastics Corp., 288 AD2d at 144; McKenna v Double G Dev. Corp., 251 AD2d at 202-203; Martinez v Moroldo, 160 AD2d 387, 389 [1st Dept 1990]; Diplacidi v Gruder, 135 AD2d 395, 396 [1st Dept 1987]; see Artigas v Renewal Arts Realty Corp., 22 AD3d at 328; Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1999]; Olympus Servicing, L.P. v Lee, 56 AD3d at 538; Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999].) No evidence indicates plaintiff took any action consistent with his alleged execution of the deed or received any value for the conveyance. (McKenna v Double G Dev. Corp., 251 AD2d at 203; Diplacidi v Gruder, 135 AD2d at 396; Four Seasons Hotels v Vinnik, 127 AD2d at 314; see Artigas v Renewal Arts Realty Corp., 22 AD3d at 328.) While no evidence thus far discloses any relationship between Lancaster and the notary or other alleged witnesses to the deed’s execution, neither has she offered them as disinterested witnesses, and denial of her motion to dismiss will permit plaintiff to seek such disclosure. (CPLR 3211 [d]; see McKenna v Double G Dev. Corp., 251 AD2d at 203; Griffin v Anslow, 17 AD3d 889, 892 [3d Dept 2005].) The parties’ familial relationship and residence together indicate Lancaster had access to plaintiffs signature (Abrons v 149 Fifth Ave. Corp., 45 AD3d 384, 385 [1st Dept 2007]; Peyton v State of Newburgh, Inc., 14 AD3d 51, 54 [1st Dept 2004]; Diplacidi v Gruder, 135 AD2d at 395), but only at trial may plaintiff establish a forgery by a handwriting expert’s comparison of plaintiffs disputed signature with his undisputed signature or by the trier of fact’s comparison. (CPLR 4536, 4538; People v Hunter, 34 NY2d 432, 435-436 [1974]; Olympus *890 Servicing, L.P. v Lee, 56 AD3d at 538; People v Fields, 287 AD2d 577, 578 [2d Dept 2001]; Matter of Smith v Coughlin, 198 AD2d 726 [3d Dept 1993].) This comparison may not be made in the context of a motion to dismiss. (Seoulbank, N.Y. Agency v D & J Export & Import Corp., 270 AD2d 193, 194 [1st Dept 2000]; Dyckman v Barrett, 187 AD2d 553, 555 [2d Dept 1992].)
Finally, plaintiffs fourth claim for a determination of adverse claims is based on Real Property Law article 15, which has been repealed. (RPAPL 2111.) Since the Legislature reenacted those provisions (RPAPL art 15), and the complaint’s allegations apprise defendants of the nature of this claim, however, this mistake does not prejudice defendants and thus provides no basis to dismiss the claim. (CPLR 2001; see Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; Gazes v Bennett, 70 AD3d 579 [1st Dept 2010]; Chase Home Mtge. Corp. v Marti, 279 AD2d 270, 271 [1st Dept 2001].)
III. Conclusion
For the above reasons, the court denies defendant Lancaster’s motion to dismiss the complaint against Lancaster in all respects. Lancaster shall serve and file any answer within 10 days after service of this order with notice of entry. (CPLR 3211 [f]; e.g. Munroe v Burgher, 43 AD3d 891 [2d Dept 2007]; Tulley v Straus, 265 AD2d 399, 401 [2d Dept 1999].)