In the Matter of ICELAND INCORPORATED. STEPHAN B. GLEICH, Appellant; STEPHEN J. HAENEL et al., Respondents. [948 NYS2d 329]—

In this proceeding, the petitioner seeks, inter alia, the judicial dissolution of Iceland Incorporated (hereinafter Iceland), a corporation organized in 1991, which operated a recreational indoor ice skating facility. The petitioner claims to be the owner of a 50% interest in Iceland, pursuant to a purported 1994 oral agreement. Iceland and its stockholder, Stephen J. Haenel, moved pursuant to CPLR 3211 (a) (3) to dismiss the proceeding on the ground that the petitioner lacked standing to proceed due to his lack of a 50% ownership interest in Iceland as required by Business Corporation Law § 1104 (a). The Supreme Court granted that motion. Thereafter, the petitioner moved, inter alia, for leave to renew his opposition. The Supreme Court denied that branch of the petitioner's motion which was for leave to renew. The petitioner appeals, and we affirm both orders insofar as appealed from.

In order to commence a proceeding for the dissolution of a corporation "in case of deadlock among directors or shareholders," the petitioner must be a holder of "shares representing one-half of the votes of all outstanding shares of a corporation entitled to vote in an election of directors" (Business Corporation Law § 1104 [a]; see Artigas v Renewal Arts Realty Corp., 22 AD3d 327, 327-328 [2005]). The burden of establishing the requisite ownership interest in a corporation that is the subject of a dissolution proceeding rests with the petitioner (see Matter of Pappas v Corfian Enters., Ltd., 76 AD3d 679, 679-680 [2010]; Matter of Kournianos [H.M.G., Inc.], 175 AD2d 129 [1991]). Under the particular circumstances of this case, the Supreme Court correctly found that the petitioner was not a holder of

"shares representing one-half of the votes of all outstanding shares of a corporation entitled to vote in an election of directors" (Business Corporation Law § 1104 [a]; *see generally Matter of Jordan v Arvin Signs*, 203 AD2d 366 [1994]; *cf. Matter of Ruivo*, 305 AD2d 688, 689 [2003]).

Moreover, the Supreme Court providently exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew, since he failed to demonstrate that the alleged "new facts" would change the Supreme Court's prior determination (CPLR 2221 [e] [2]; *see Eskenazi v Mackoul*, 92 AD3d 828, 829 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772 [2012]).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.