■ 1424 MILLSTONE ROAD, LLC, Respondent, v JAMES B. FAIRCHILD, LLC, et al., Appellants, et al., Defendant. [25 NYS3d 183]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 10, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability as against defendants James B. Fairchild, LLC and James B. Fairchild and dismissing the Fairchild defendants' affirmative defenses of illegality and forgery, unanimously affirmed, without costs.

Defendant Fairchild contends that, in opposition to plaintiff's

prima facie showing that he signed the lease extension, he raised an issue of fact through his affidavit in which he denied that he signed the extension, implied that codefendant Borelli had procured his signature improperly, and pointed to distinctions between his real signature and the signature on the extension. While this affidavit may be sufficient to raise an issue of fact (*see Diplacidi v Gruder*, 135 AD2d 395 [1st Dept 1987]), it was contradicted by emails in which Fairchild acknowledged that he was aware of and a party to the lease extension. These emails constitute "essentially undeniable" evidence refuting Fairchild's forgery claim (*see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431-432 [1st Dept 2014] [internal quotation marks omitted]). In any event, Fairchild's guaranty provided that it applied to any lease extensions, even if he was not a party thereto.

As for illegality, plaintiff does not dispute that it failed to comply with the provisions of the Town of Southampton Code that, as enacted in 2008, require an owner to obtain a $200 biennial rental permit before the rental period commences or within 30 days after receiving actual notice from the Town of the failure to comply (*see* Code of Town of Southampton §§ 270-5 [A] [1]; 270-8 [A]; 270-13). However, under the circumstances, the Town Code does not provide a defense to plaintiff's claims against the Fairchild defendants, because it "does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment" (*Rosasco Creameries, Inc. v Cohen*, 276 NY 274, 278 [1937]; *see also Benjamin v Koeppel*, 85 NY2d 549 [1995]). While the Town Code addresses matters affecting public welfare, it does not expressly preclude an owner from bringing a lawsuit to collect rent, it imposes relatively minor sanctions to redress violations, and it allows the owner to cure a default after receiving actual notice of a violation (Town Code §§ 270-5, 270-13, 270-19). We conclude that the Fairchild defendants, having occupied the premises and raised a patently inadequate forgery defense, should not be permitted to rely on the provisions of the Town Code "as a sword for personal gain rather than a shield for the public good," i.e., to avoid payment of rent due under the lease (*see Charlebois v Weller Assoc.*, 72 NY2d 587, 595 [1988]) or enforcement of the absolute and unconditional guaranty given by Fairchild to induce plaintiff to enter into the lease (*see Specialty Rests. Corp. v Barry*, 262 AD2d 926, 927-928 [3d Dept 1999]). Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.