■ JOSEPH CALPO-RIVERA et al., Appellants, v ROBERT SIROKA et al., Respondents. [42 NYS3d 19]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered August 21, 2015, which denied plaintiffs' motion to dismiss defendants' second, third, and seventh affirmative defenses and third, fourth, and fifth counterclaims, unanimously affirmed, without costs.

Where, as here, dismissal of counterclaims and affirmative defenses are sought on the basis of documentary evidence, such relief is warranted, in the case of counterclaims, "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [1st Dept 2004] [internal quotation marks omitted]; CPLR 3211 [a] [1]) or similarly, in the case of an affirmative defense, only where such evidence shows the defense to be "without merit as a matter of law" (*see* CPLR 3211 [b]; *Granite State Ins. Co. v Transatlantic Reins. Co.*, 132 AD3d 479, 481 [1st Dept 2015]).

Emails can suffice as documentary evidence for purposes of CPLR 3211 (a) (1); however, the emails, factual affidavits, and contract in this case do not constitute documentary evidence within the meaning of the statute (*see Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]; *Sprung v Command Sec. Corp.*, 38 AD3d 478, 479 [1st Dept 2007]). The letter agreement contained a list of documents to be "procured" by plaintiff Calpo Studio, 11 of which were designated architectural. The letter agreement also includes a section for additional services "performed by Calpo," and includes hourly fees for acting, inter alia, as a project architect. The invoices and emails are also not conclusive, and do not preclude a finding, upon further discovery, that plaintiffs held themselves out as performing architectural services for the defendants, even if a licensed architect was needed for filing, expediting, and approval of the construction document.

At this juncture, it cannot be said that the claims against defendant Jacqueline Siroka, whether asserted as a breach of contract claim, or a claim for quantum meruit, are frivolous,

thereby warranting dismissal. Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.