Pugh v New York City Hous. Auth. (2018 NY Slip Op 02254)





Pugh v New York City Hous. Auth.


2018 NY Slip Op 02254


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6134 156875/14

[*1]Clayton H. Pugh, Plaintiff—Respondent-Appellant,
v
New York City Housing Authority, et al., Defendants-Appellants-Respondents.


Wison Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Gordon & Gordon, P.C., Forest Hills (Jason S. Matuskiewicz of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 30, 2017, which, denied the motion of defendants, New York City Housing Authority (NYCHA) and Salvadore Oddo, for summary judgment dismissing the complaint, and denied plaintiff's cross motion to strike the twelfth affirmative defense, unanimously affirmed, without costs.
The motion court properly denied defendants' motion for summary judgment, as they did not establish their entitlement to application of the emergency doctrine as a matter of law (see Powers v Kyong Kwan Min, 147 AD3d 401 [1st Dept 2017]). On the contrary, defendants' moving papers presented inconsistent accounts of the alleged accident; thus, whether the individual defendant was presented with an emergency beyond his control is not an issue that can be resolved on summary judgment (see Moreno v Golden Touch Transp., 129 AD3d 581 [1st Dept 2015]; Powers, 147 AD3d at 404).
Likewise, regardless of whether the motion court providently exercised its discretion to consider plaintiff's expert affidavit, it nonetheless correctly denied plaintiff's motion to strike defendants' twelfth affirmative defense asserting the emergency doctrine. On such a motion, the allegations set forth in the answer must be viewed in the light most favorable to the defendants (182 Fifth Ave. v Design Dev. Concepts, 300 AD2d 198, 199 [1st Dept 2002]), and "the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]). Given the lack of consistency in the accounts of the alleged accident, plaintiff did not sustain his "heavy burden of showing that the defense is without merit as a matter of law" (Granite State Ins. Co. v
Transatlantic Reins. Co., 132 AD3d 479, 481 [2015]; Calpo-Rivera v Siroka, 144 AD3d 568 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK