Alleyne v Rutland Dev. Group, Inc. (2023 NY Slip Op 00975)

Alleyne v Rutland Dev. Group, Inc.

2023 NY Slip Op 00975

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13512
 (Index No. 505513/19)

[*1]Maria Alleyne, appellant, 
v
Rutland Development Group, Inc., defendant, Golden Bridge, LLC, etc., respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark A. Berman, Dawn M. Wilson, and Jason Ganfer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside a deed and to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 16, 2019. The order granted the motion of the defendant Golden Bridge, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Golden Bridge, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied.
On February 3, 2004, the plaintiff acquired title to real property located in Brooklyn. In 2017, the property was transferred to the defendant Rutland Development Group, Inc. (hereinafter Rutland), by the deed that is the subject of this action. Rutland granted the defendant Golden Bridge, LLC (hereinafter Golden Bridge), a mortgage on the property in exchange for the sum of $625,000.
On March 13, 2019, the plaintiff commenced this action, inter alia, to set aside the deed transferring the property to Rutland, for a declaration that the deed was void, and to cancel and discharge of record the mortgage on the property. The plaintiff alleged that her signature had been forged on the deed to Rutland, that she did not receive any consideration for the transfer of the property, and that she did not know and had never negotiated with either defendant.
On June 28, 2019, Golden Bridge moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. By order dated October 16, 2019, the Supreme Court granted the motion. The plaintiff appeals, and we reverse.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all [*2]and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). A motion to dismiss a complaint based upon CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes [a] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, in support of its motion, Golden Bridge submitted, among other things, a notary's certificate of acknowledgment attesting that the plaintiff had appeared before him on May 23, 2017, and executed the subject deed or acknowledged her execution thereof, a resolution by Rutland authorizing the plaintiff to borrow a sum of money from Golden Bridge on Rutland's behalf, and bank checks dated May 24, 2017. Although Golden Bridge did proffer some evidence that the plaintiff may have received consideration as a result of the transfer of the property, Golden Bridge's evidentiary submissions were insufficient to utterly refute the plaintiff's allegations that the deed and other relevant documents were forged, she received no consideration, and she did not have any relationship to Rutland (see CPLR 4538; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87; Davis v Lancaster, 30 Misc 3d 885 [Sup Ct, Bronx County). On a motion for summary judgment, the plaintiff would have had to proffer evidence so clear and convincing as to amount to a moral certainty, in order to rebut the presumption, based on the notary's certificate of acknowledgment, that the deed was duly executed (see CPLR 4538; Osborne v Zornberg, 16 AD3d 643, 644). Here, however, on a motion to dismiss the complaint pursuant to CPLR 3211(a), the questions are whether the plaintiff has a cause of action and whether Golden Bridge conclusively established a defense as a matter of law. We conclude that Golden Bridge did not make the requisite showing to establish its entitlement to dismissal of the complaint insofar as asserted against it.
Accordingly, the Supreme Court should have denied Golden Bridge's motion to dismiss the complaint insofar as asserted against it.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court