■ MICHAEL A. DE ANGELIS, Appellant, v AMERICAN CAPITAL ACCESS, Respondent. [721 NYS2d 46] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about June 7, 1999, which, to the extent appealed from, granted respondent's motion for summary judgment dismissing plaintiff's claims for breach of contract and equitable estoppel, unanimously reversed, on the law, without costs, and the breach of contract and equitable estoppel claims reinstated.

In dismissing plaintiff employee's contract claim on the grounds that the parties' alleged oral employment agreement was void under the Statute of Frauds, the motion court overlooked a clause in the defendant's form employment agreement, a blank, unsigned copy of which, the record shows, was relied upon by the parties as a memorialization of the boilerplate portions of their agreement. The clause, which provides that defendant could terminate the agreement without cause on 30 days notice, provided it paid the employee two years base salary plus certain benefits, renders the agreement capable of performance "within one year from the making thereof" and thus removes it from the Statute's ambit (*see, North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171; *Cron v Hargro Fabrics*, 91 NY2d 362). The equitable estoppel cause of action sufficiently asserts a claim sounding in misrepresentation. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.