■ RACHEL L. ARFA et al., Plaintiffs, v GADI ZAMIR et al., Defendants. MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C., Intervenor-Respondent; 546-552 WEST 146TH STREET LLC et al., Intervenors-Appellants. (And Other Actions.) [869 NYS2d 390]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 30, 2008, which denied the motion of 546-552 West 146th Street LLC, 522-536 West 147th Street LLC, West 162nd Street and Academy Street LLC, 100-102 East 124th Street Package LLC, Harlem I LLC and Harlem II LLC (collectively, the Property LLCs) to dismiss the intervention action brought by Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. (Mintz) to collect attorney's fees, unanimously modified, on the law, to dismiss Mintz's claim for the fees and costs it incurred in the intervention action, and otherwise affirmed, without costs.

Mintz's breach of contract claims were correctly sustained since it cannot be determined as a matter of law that the written letters of engagement insufficiently explained the scope of the work allegedly performed by Mintz on behalf of the Property LLCs (*see* 22 NYCRR 1215.1). The factual allegations in Mintz's complaint and in its attorney's affirmation are not plainly contradicted by the letters (CPLR 3211 [a] [1]; *see Bishop v Maurer*, 33 AD3d 497 [2006], *affd* 9 NY3d 910 [2007]). Moreover, issues of fact exist whether the Property LLCs ratified the terms of the letters by making payment for services rendered by Mintz (*see Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 253 [1989]).

The claim for fees and costs incurred by Mintz in its collection action should have been dismissed because it is based on a provision in the written letters of engagement that is not enforceable due to its nonreciprocal character (*see Ween v Dow*, 35 AD3d 58 [2006]).

The cause of action for promissory estoppel was correctly sustained since the pleadings and counsel's affirmation allege a clear and unambiguous promise by the Property LLCs to pay for legal services rendered on their behalf by Mintz, Mintz's reasonable reliance upon this promise in performing the requested legal work, and injury to Mintz by the Property LLCs' refusal to make payment on the invoices for legal services rendered (*see Urban Holding Corp. v Haberman*, 162 AD2d 230, 231 [1990]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ. [*See* 2008 NY Slip Op 31332(U).]