Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 5, 2009, which denied defendant’s motion pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff Berton Forman is a licensed anesthesiologist and the sole officer, director and shareholder of plaintiff Rockville Recovery Associates, Ltd. Forman and Rockville offer the service of auditing insurance claims of physicians and hospitals for possible fraud and assisting in the recovery of insurance funds fraudulently received by them. Defendant the Guardian Life Insurance Company of America is a health insurer.
Commencing in or about May 2003, Rockville and Guardian entered into a series of written contracts pursuant to which Rockville provided claim auditing services for Guardian. Under the agreements, Rockville was responsible for investigating claims of health care providers identified by Guardian to determine whether the claims were fraudulent. Rockville’s services under the contracts included investigating the claims for fraudulent activity, contacting providers that Rockville determined had engaged in fraud, and negotiating the return of the amounts owed. The contracts provided that Rockville was entitled to a fee of 25% of all funds it successfully recovered. *887 The parties’ most recent contract expired in 2006, but plaintiffs allege that the agreements nevertheless continued to be in effect based on the parties’ course of conduct.
According to the complaint, from 2003 to 2008, plaintiffs uncovered significant overbilling by medical providers totaling tens of millions of dollars. Plaintiffs allege that they provided their findings to Guardian but Guardian did not commence litigation against the providers to recover the funds. The complaint further states that the reason Guardian failed to pursue claims against certain health care providers was because, unbeknownst to plaintiffs, Guardian had entered into a contract waiving its right to conduct postpayment claim audits of those providers. The complaint asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, unjust enrichment and promissory and equitable estoppel.
Guardian’s decision not to pursue litigation to recover on the fraudulent claims does not constitute a breach of the agreements. The complaint does not allege that Guardian was under any contractual obligation to commence such litigation. Even if the complaint could be construed to allege such an obligation, the contracts between the parties do not contain any language requiring Guardian to bring suit or to take any other action to collect on the fraudulent billings (Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 [2001] [“the provisions of the contract delineating the rights of the parties prevail over the allegations set forth in the complaint”]).
Nevertheless, the breach of contract claim was properly sustained based upon a warranty clause contained in the 2005 agreement. Under that contract, Rockville was entitled to receive a fee of 25% of all funds it successfully recovered as a result of its audits. The complaint alleges that Guardian entered into a separate contract with a certain health care plan not to conduct postpayment audits and that Guardian did not inform plaintiffs of this agreement. Plaintiffs further allege that, despite the agreement with the health care plan, Guardian asked Rockville to perform audits of claims from providers in that plan. Plaintiffs contend that this contractual obligation prohibited Guardian from conducting postpayment audits as to approximately 90% of its claims. These allegations state a breach of the warranty clause in which Guardian represented that there were no agreements “that might conflict or interfere with, limit, or be inconsistent with or otherwise affect any of the provisions of this Agreement.” Because the alleged third-party contract effectively precluded any possibility of recovery by Rockville for *888 certain claims that Guardian asked Rockville to audit, plaintiffs have pleaded a breach of the warranty clause.
The complaint also states a cause of action for breach of the implied covenant of good faith and fair dealing. It is axiomatic that all contracts imply a covenant of good faith and fair dealing in the course of performance (511 W. 232nd. Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). “This covenant embraces a pledge that ‘neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract’ ’’ (id., quoting Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995], quoting Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87 [1933]). In essence, the complaint alleges that Guardian frustrated the basic purpose of the parties’ contracts by providing Rockville with claims to audit while at the same time entering into an agreement preventing Rockville from pursuing recovery of funds relating to those claims. Thus, the work given to Rockville to perform would be work for which, from the inception, it could never recover. These allegations are sufficient to sustain the claim for breach of the implied covenant. No basis exists to dismiss this cause of action as duplicative of the breach of contract claim because the warranty clause appears in only the 2005 contract and not in all the agreements at issue here.
Plaintiffs are entitled to proceed in the alternative upon qüasicontractual theories because there is a question whether the parties’ course of conduct evidenced their assent to continue the terms of the 2005 contract after its expiration (see Halliwell v Gordon, 61 AD3d 932, 934 [2009]; Winick Realty Group LLC v Austin & Assoc., 51 AD3d 408 [2008]). The quantum meruit claim was properly sustained because the complaint alleges the performance of claim auditing services by plaintiffs in good faith, the acceptance of such services by Guardian, plaintiffs’ expectation of compensation, and the reasonable value of the services (see Tesser v Allboro Equip. Co., 302 AD2d 589, 590 [2003]). The allegation that Guardian changed its fraud prevention policies as a result of plaintiffs’ auditing services resulting in millions of dollars in savings to Guardian states a claim for unjust enrichment (see Nakamura v Fujii, 253 AD2d 387, 390 [1998]). Although the terms of the 2005 contract might appear to preclude this claim, there is, as indicated, a question vtfhether that contract expired or continued based on the parties’ course of conduct.
Reading the complaint in a light most favorable to plaintiffs, the cause of action for promissory estoppel was correctly sustained. The pleadings allege that defendants made a clear *889 and unambiguous promise to pursue claims plaintiffs identified as fraudulent, that plaintiffs reasonably relied on this promise in performing their work, and that they were injured by defendant’s failure to pursue the claims (see Arfa v Zamir, 55 AD3d 508 [2008]). The allegations concerning Guardian’s concealment of the third-party contract from plaintiffs also are sufficient, for pleading purposes, to support the claim for equitable estoppel (see De Angelis u American Capital Access, 280 AD2d 409 [2001]).
We have considered the parties’ remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ. [Prior Case History: 25 Misc 3d 1224(A), 2009 NY Slip Op 52285(U).]