NATHAN M. FERST, Respondent, v GIDEON ABRAHAM, Appellant. [34 NYS3d 38]—

Judgment, Supreme Court, New York County (Carol Edmead, J.), entered October 5, 2015, awarding plaintiff the sum of $113,667.83, plus costs, disbursements, and interest, and bringing up for review an order, same court and Justice, entered June 30, 2015, which, after a bench trial, directed that judgment be entered in favor of plaintiff in the principal amount, unanimously reversed, on the law, without costs, the judgment vacated, and plaintiff's fourth cause of action, for costs of collection in the amount of $56,846.93, dismissed. The Clerk is directed to enter an amended judgment in the principal amount of $56,820.90. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The record supports the trial court's finding that defendant client had entered into a written agreement retaining plaintiff attorney to represent him in two litigations at an agreed hourly rate, and that defendant breached his obligation to pay $26,243.75 in attorney's fees and disbursements in connection with those matters. Plaintiff further demonstrated that he performed services for defendant on two other matters. Even if a further retainer was required for those other matters (*see* 22 NYCRR 1215.1), plaintiff is not precluded from seeking recovery of legal fees under a quantum meruit theory (*see Roth Law Firm, PLLC v Sands*, 82 AD3d 675, 676 [1st Dept 2011]; *Miller v Nadler*, 60 AD3d 499, 500 [1st Dept 2009]). The record supports the trial court's award of $30,577.15 in fees and disbursements with respect to the other matters on a quantum meruit basis. Plaintiff demonstrated that the alleged fee arrangement was "fair, understood, and agreed upon" (*Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 64 [2d Dept 2007]), that he performed services in good faith with an expectation of compensation, and that the services were accepted by defendant (*see Soumayah v Minnelli*, 41 AD3d 390, 391 [1st Dept 2007]). He also showed the reasonable value of the services (*id.*).

Plaintiff cannot recover the costs of collecting his attorney's fees, including the costs of preparing motions to be relieved as counsel, participating in mediation, and participating in this action. The provision of the retainer agreement holding defendant liable for attorney's fees incurred in the collection of fees, without a reciprocal allowance for attorney's fees should defendant prevail, is void and unenforceable (*see Ween v Dow*, 35 AD3d 58, 63-64 [1st Dept 2006]). Although this issue was not raised by defendant until his reply papers on appeal, we consider it because courts have a special obligation to give scrutiny to fee arrangements (*id.* at 63), and the arrangement at issue is "not entitled to judicial sanction" (*id.* at 64). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.