Finkelstein Newman Ferrara f/k/a Finkelstein Newman, LLP, Plaintiff-Respondent,
against
Avemm Corp. and Jean-Michel Apolon, Defendants-Appellants.



Defendants appeal from a judgment of the Civil Court of the City of New York, New York County (Andrea Masley, J.), entered July 10, 2014, after a nonjury trial, in favor of plaintiff and awarding it damages in the sum of $65,321.73.




Per Curiam.
Judgment (Andrea Masley, J.) entered July 10, 2014, modified to reduce plaintiff's recovery to the principal sum of $15,493.88, with 9% interest thereon from November 1, 2007; as modified, judgment affirmed, with $25 costs.A fair interpretation of the evidence supports the trial court's finding that the corporate defendant had entered into a written agreement retaining plaintiff law firm to represent it in various landlord-tenant proceedings at agreed hourly rates, and that defendant breached its obligation to pay $15,493.88 in attorneys' fees in connection with those matters (see Ferst v Abraham, 140 AD3d 581 [2016]). The trial court, which had an opportunity to see and hear the witnesses and observe their demeanor, was warranted in rejecting, as "not truthful," the testimony of the corporate defendant's president, Jean Michel-Apolon, that he did not authorize plaintiff's legal representation in one matter. The court also properly concluded that defendant Apolon - a "sophisticated business person who regularly conducts business in English" - could not avoid the effect of his personal guaranty on the ground that he did not read it or know its contents (see Pimpinello v Swift & Co., 253 NY 159, 162-163 [1930]).
While the trial court properly applied the 9% interest rate to the judgment in accordance with the provisions of the retainer agreement, a rate deemed "fair and reasonable" (Ween v Dow, 35 AD3d 58, 64 [2006]; see generally Rodriguez v New York City Hous. Auth., 91 NY2d 76, 80-81 [1997]), we vacate the portion of the judgment which awarded
plaintiff the principal sum of $25,000 in collection costs. That portion of the judgment is based upon an attorneys' fees provision in the underlying retainer agreement that is not enforceable due to its non-reciprocal character (see Arfa v Zamir, 55 AD3d 508, 509 [2008]; Ween v Dow, 35 AD3d at 63-64).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 20, 2018