■ ROBERT McCULLY, Appellant, v JERSEY PARTNERS, INC., Respondent. [876 NYS2d 27]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 8, 2008, which granted defendant's motion to dismiss the complaint, unanimously modified, on law, the motion denied with respect to the claim for an additional tax dividend for 2000 resulting from defendant's filing of an amended return for that year, that claim reinstated, and otherwise affirmed, without costs.

Plaintiff's claim for a tax dividend for 2001 was properly dismissed because, by exercising his right to a fair-value appraisal of his shares in defendant upon consummation of the corporate reorganization on November 30, 2001, plaintiff ceased to have any rights as a shareholder except the right to the fair value of his shares (Business Corporation Law § 623 [e], [k]; *Breed v Barton*, 54 NY2d 82, 85 [1981]). Any contractual right to payment of that dividend pursuant to the stockholders agreement was dependent on his status as a shareholder, which he renounced. The sole exception to plaintiff's exclusive remedy of an appraisal of the fair value of his shares is the right to assert a claim for equitable relief grounded in allegations of unlawful or fraudulent conduct by the corporation as to him (Business Corporation Law § 623 [k]; *Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 568 [1984]), which is not what plaintiff alleges here.

The court erred, however, in dismissing the claim for the additional tax dividend for 2000. A dismissal motion based on documentary evidence (CPLR 3211 [a] [1]) "may be appropriately granted only where the documentary evidence *utterly refutes* plaintiff's factual allegations, *conclusively establishing* a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002] [emphasis added]; *accord 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152-153 [2002]). The tax returns and schedules submitted by defendant, which showed no decrease in either defendant's overall tax liability or plaintiff's proportionate share of that liability, still failed to establish conclusively that plaintiff's 2000 tax liability did not increase as a result of defendant's filing of its amended 2000 tax return.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ. [*See* 18 Misc 3d 1138(A), 2008 NY Slip Op 50341(U).]