721 Borrower LLC v Moha (2022 NY Slip Op 02504)

721 Borrower LLC v Moha

2022 NY Slip Op 02504

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 650943/21 Appeal No. 15738-15738A Case No. 2021-04046, 2021-04105 

[*1]721 Borrower LLC, Plaintiff-Appellant,
v
Jacob Ben Moha et al., Defendants-Respondents. 

Charles E. Boulbol, P.C., New York (Charles E. Boulbol of counsel), for appellant.
SDK Heiberger LLP, New York (Steven B. Sperber of counsel), for respondents.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered October 20, 2021, which, upon granting reargument and to the extent appealed, adhered to an order, same court and Justice, entered July 21, 2021, granting defendants' motion to dismiss the complaint, reversed, on the law, to reinstate plaintiff's breach of contract claim, without costs. Appeal from order entered June 21, 2021 unanimously dismissed, without costs, as academic.
In this action plaintiff landlord seeks to collect unpaid rent from defendant guarantors which accrued before and during the statutory period set forth in Administrative Code § 22-1005, which "provides immunity from the enforcement of certain commercial lease guaranties where personal liability arose (1) as a result of the pandemic-related executive orders affecting the tenant's business and (2) fell within the statutory period of March 7, 2020 to June 30, 2021" (3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC, 199 AD3d 601, 601 [1st Dept 2021]). Plaintiff's additional rent and arrears claims totaling $304,052.16, which arise from tenant's lease obligations between May 2018 to February 2020, fall outside the statutory period and defendants may be liable under their guaranty (see 558 Seventh Ave. Corp. v Times Sq. Photo, Inc., 194 AD3d 561, 562 [1st Dept 2021], lv dismissed 37 NY3d 1040 [2021]). At a minimum, these claims should not have been dismissed. Claims for other rents, however, even if they fall within the statutory period, may not be recoverable if Administrative Code § 22-1005 is unconstitutional. The record on this motion to dismiss is insufficiently developed to determine the constitutionality issue as a matter of law. Consequently, the complaint should be reinstated so that the parties can further develop the record in the trial court (Melendez v City of New York, 16 F4th 992 [2d Cir 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022