45-47-49 Eighth Ave. LLC v Conti (2023 NY Slip Op 05180)

45-47-49 Eighth Ave. LLC v Conti

2023 NY Slip Op 05180

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 654033/20 Appeal No. 764 Case No. 2021-02743 

[*1]45-47-49 Eighth Avenue LLC, Plaintiff-Appellant,
v
Joseph Conti, Defendant-Respondent. _ City of New York, Amicus Curiae.

Rose & Rose, New York (Paul Coppe of counsel), for appellant.
Genova Burns LLC, New York (Leonard S. Spinelli of counsel), for respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for amicus curiae.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 23, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment in lieu of complaint on defendant's guaranty and granted defendant's cross-motion to dismiss certain amounts alleged to be due under the guaranty, unanimously reversed, on the law, with costs, plaintiff's motion granted in part as to its claims for $37,875.81 representing the undisputed amounts due and owing under the guaranty, defendant's cross-motion to dismiss the balance of plaintiff's claims under Administrative Code of City of NY § 22-1005 (the guaranty law) denied, and the matter remanded for further proceedings consistent with this order.
We agree with plaintiff that the motion court should not have concluded that the parties' guaranty was not susceptible to relief under CPLR 3213 (see e.g. PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495 [1st Dept 2017]). Although defendant guaranteed both payment and certain performance obligations, this does not preclude summary judgment in lieu of complaint where, as here, performance is not a condition precedent to payment (see iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021]).
The court should have granted partial summary judgment on plaintiff's claims for $37,875.81 for water and sewer charges and repayment of the brokerage commission, as plaintiff established "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" for those amounts (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015] [internal quotation marks omitted]). The claims for $37,875.81 due and owing, fall outside the period set forth in the guaranty law.
In view of the recent decision in Melendez v City of New York (2023 WL 2746183, 2023 US Dist LEXIS 57050 [SD NY, Mar. 31, 2023, No. 20-CV-5301 (RA)] finding the guaranty law unconstitutional, we remand the constitutional question raised by the parties here so the parties can further develop the record in the trial court for the purpose of applying the Contracts Clause test for constitutionality (see 721 Borrower LLC v Moha, 204 AD3d 510, 511 [1st Dept 2022]). Plaintiff is directed to serve notice on nonparty City of New York under CPLR 1012(b)(2) and file proof of service in order for the City to "intervene in support of its constitutionality" (id.).
Given the vitality of the constitutional question, we also reverse the dismissal of plaintiff's claim for those amounts the court determined were barred by the guaranty law for a determination following the court's resolution of the constitutional issue. We therefore find that the conversion of the case to a plenary action on the remaining issues was appropriate (see e.g. Punch Fashion, LLC v Merchant Factors Corp., 180 AD3d 520, 521 [1st Dept 2020], lv dismissed 35 NY3d 1124[*2][2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023