513 W. 26th Realty LLC v George Billis Galleries, Inc. (2023 NY Slip Op 05308)

513 W. 26th Realty LLC v George Billis Galleries, Inc.

2023 NY Slip Op 05308

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 160266/20 Appeal No. 845 Case No. 2021-03203 

[*1]513 West 26th Realty LLC, Plaintiff-Appellant,
v
George Billis Galleries, Inc., et al., Defendants-Respondents.

Smith & Shapiro, New York (Harry Shapiro of counsel), for appellant.
O'Reilly, Marsh & Corteselli P.C., Garden City (Mary Ryan Bambrick of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 20, 2021, which granted defendants' motion for summary judgment dismissing the second and third causes of action to enforce a guaranty, unanimously reversed, on the law, without costs, the causes of action reinstated, and the matter remanded for further proceedings consistent with this order.
In view of the recent decision in Melendez v City of New York (2023 WL 2746183, 2023 US Dist LEXIS 57050 [SD NY, Mar. 31, 2023, No. 20-CV-5301 [RA]) finding the guaranty law (Administrative Code of City of NY § 22-1005) unconstitutional, we remand the constitutional question raised by the parties here so the parties can further develop the record in the trial court for the purpose of applying the Contracts Clause test for constitutionality (see 45-47-49 Eighth Ave. LLC v Conti, — AD3d &mdash, 2023 NY Slip Op 05180 [1st Dept 2023]; see also 721 Borrower LLC v Moha, 204 AD3d 510, 511 [1st Dept 2022]). Plaintiff is directed to serve notice on the City under CPLR 1012(b)(2) and file proof of service in order for the City to "intervene in support of its constitutionality." Given the constitutional question, we also reverse the dismissal of the claims for those amounts the court determined were barred by the guaranty law for a determination following the court's resolution of the constitutional issue.
Because plaintiff raised for the first time in its reply brief that the claim against defendant Billis for amounts allegedly owed outside the time period of March 1, 2020 through June 30, 2021 should have not been dismissed, the issue is not properly before this Court (see Matter of Erdey v City of New York, 129 AD3d 546, 546-547 [1st Dept 2015]). In any event, the argument is unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023