## Mark Propco LLC v Jackson

2024 NY Slip Op 33646(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 157316/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ALEXANDER M. TISCH                    PART     18

*Justice*

-----------------------------------------------------------------------X

MARK PROPCO LLC

                                    Plaintiff,

                        - v -

LISA JACKSON AKA LISA M. CALICCHIO,

                                    Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157316/2021 |
| MOTION DATE | 11/29/2021, 06/20/2022 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 64, 65, 66, 67, 68, 69, 72, 73, 75, 77, 78, 79, 81, 82

were read on this motion to/for                         DISMISSAL                         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63, 70, 71, 74

were read on this motion to/for                         DISMISSAL                         .

## I.    BACKGROUND

According to the complaint, plaintiff Mark Propco, LLC, owns the building located at 25 East 77th Street, New York, New York 10075. On April 5, 2012, plaintiff entered into a lease agreement with Phoenix Roze NY, Inc. (Phoenix), pursuant to a lease agreement (the 2012 Lease) for the ground floor retail space in that building (the Premises). By assignment and assumption of the lease pursuant to a written document dated June 23, 2014 (the First Assignment) Phoenix assigned the 2012 Lease of the Premises to The Mark Retail Management LLC. On the same date, The Mark Retail Management LLC signed an assignment, assumption, and modification of the 2012 Lease and the First Assignment pursuant to a written agreement

**157316/2021   MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**
**Motion No. 001 002**

**Page 1 of 10**

[* 1]

(the Second Assignment, and together with the 2012 Lease and the First Assignment, the Lease Documents) and assigned the lease of the Premises to LJ Cross LLC (Tenant).

In April of 2020, after the start of the COVID-19 pandemic, tenant LJ Cross failed to pay the base rent owed to Propco under the lease. Propco applied $26,522.50 of the Tenant's security deposit to cover the April base rent. Tenant failed to pay base rent for May through November of 2020. Propco took a second $26,522.50 from the security deposit to cover the May base rent, and the remaining funds from the Tenant's security deposit, totaling $98,000.00, to apply towards the outstanding base rent from June through November. Plaintiff Propco asked Tenant to replenish the security deposit, but Tenant did not send additional funds. Tenant still has possession of the Property but has not paid further base rent. Plaintiff claims Tenant owed $589,701.28 as of the filing of the complaint.

Plaintiff brings this action pursuant to a guaranty agreement dated June 13, 2014 (the Guaranty), signed by the defendant Lisa Jackson a/k/a Lisa M. Calicchio. Plaintiff alleges that pursuant to the Guaranty, defendant unconditionally guaranteed the obligations of LJ Cross LLC under the Second Assignment (which included all the obligations under the original lease, as modified, assigned and assumed by the Second Assignment) (NYSCEF Doc No. 55 at ¶ 22). Plaintiff asserts six causes of action against Jackson: (1) seeking a declaratory judgment that the New York City Administrative Code § 22-1005 (the Guaranty Law) is unconstitutional; (2) seeking a declaratory judgment as to whether the Guaranty Law provides for a postponement or the extinguishing of liability for guarantors; (3) and (4) for breach of contract seeking rental arrears; (5) for rents not paid after the filing of this action; and (6) attorneys' fees and disbursements. Defendant's position is that the Guaranty executed by defendant on June 14, 2014, only mentions a June 2014 lease with LJ Cross LLC (*see* NYSCEF Doc No. 9 at 2-3).

**157316/2021  MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**
**Motion No. 001 002**

**Page 2 of 10**

2 of 10

[* 2]

Defendant contends she did not guaranty the 2012 Lease to Phoenix, which plaintiff seeks to enforce in this action.

Now, in Motion Sequence Number 001, defendant moves to dismiss the complaint pursuant to CPLR § 3211. Plaintiff cross-moves to convert the motion to dismiss to a motion for summary judgment, for leave to amend the complaint, and for summary judgment. In Motion Sequence 002, defendant again moves to dismiss the first and second causes of action, which are related to whether the Guaranty Law is constitutional and how it ought to be interpreted. The motions will be considered together.

## II.    CROSS MOTION TO TREAT MOTION SEQUENCE 001 AS A MOTION FOR SUMMARY JUDGMENT

Plaintiff's request to convert defendant's motion to dismiss into one for summary judgment pursuant to CPLR § 3211(c) is denied. CPLR § 3211(c) allows the court, on notice to the parties, to treat a motion pursuant to CPLR § 3211 as a motion for summary judgment pursuant to CPLR § 3212. The Court has not chosen to do so here. Even without court notice, motions to dismiss may be converted to summary judgment where there is an implicit or explicit joint request by the parties (*see Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2d Dept 2012]). Here, however, defendant opposes plaintiff's request for conversion, rather than proceeding in a manner consistent with a summary judgment. Therefore, the motion will be considered as a motion to dismiss. Accordingly, the portion of plaintiff's cross-motion requesting a hearing on its attorneys' fees is also denied without prejudice to making this request later.

## III.   PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND

While CPLR § 3025(a) allows amendment of a pleading without leave of court "at any time before the period for responding to it expires." Plaintiff's request for leave to amend the

**157316/2021  MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**          **Page 3 of 10**
**Motion No.  001 002**

3 of 10

[* 3]

complaint pursuant to CPLR § 3025 is denied without prejudice. CPLR § 3025 (b) requires a party seeking to amend a pleading to include "the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Plaintiff explains it wishes to update the alleged damages in the complaint, but not whether that would require additional allegations, or if plaintiff merely wishes to change the numbers in the various claims. Therefore, while the time to amend as of right has not yet run, the motion to amend fails.

## IV.    DEFENDANT'S MOTIONS TO DISMISS

### A. Based on Documentary Evidence (001)

To succeed on a motion to dismiss pursuant to CPLR § 3211 (a) (1), the documentary evidence submitted that forms the basis of a defense must resolve all factual issues and definitively dispose of the plaintiff's claims (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152 [2002]; *Blonder & Co., Inc. v Citibank, N.A.,* 28 AD3d 180, 182 [1st Dept 2006]). A motion to dismiss pursuant to CPLR § 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*McCully v. Jersey Partners, Inc.,* 60 AD3d 562, 562 [1st Dept. 2009]). The facts as alleged in the complaint are regarded as true, and the plaintiff is afforded the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration (*see e.g. Nisari v Ramjohn,* 85 AD3d 987, 989 [2nd Dept 2011]).

CPLR § 3211 (a) (1) does not explicitly define "documentary evidence." As used in this statutory provision, "'documentary evidence' is a 'fuzzy term', and what is documentary evidence for one purpose, might not be documentary evidence for another" (*Fontanetta v John*

**157316/2021  MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**
**Motion No.  001 002**

**Page 4 of 10**

4 of 10

*Doe 1,* 73 AD3d 78, 84 [2nd Dept 2010]). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (*id.* at 86, citing Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR § 3211:10, at 21-22). Typically that means "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' " (*id.* at 84-85). Here, the documentary evidence is the Lease Documents and the Guaranty. Defendant contends that the plaintiff is seeking to enforce the 2012 Lease to Phoenix, which was not covered by the defendant's Guaranty.

In support of her motion to dismiss, defendant attaches a copy of the Guaranty (attached as exhibit B to defense counsel's affirmation, NYSCEF Doc No. 13). In the Guaranty, defendant agrees to guaranty payment of base rent and performance of other obligations by the tenant pursuant to the "Lease," defined as the "certain assignment and assumption of that certain agreement of lease, dated as of June ___, 2014" (sic). Therefore, defendant contends that while the Guaranty may be a guaranty of "a lease dated June 2014 with LJ Cross LLC" (Memorandum of Law, NYSCEF Doc. No. 9, at 6), which may be the Second Assignment, there are no allegations about a 2014 lease being in default and the Guaranty does not mention the Original Lease or Phoenix.

The Guaranty does not utterly refute plaintiff's factual allegations here. Plaintiff is suing pursuant to the Lease Documents, which includes the Second Assignment, which may be the June 2014 lease referred to in the Guaranty. The court notes that the parties also produced different versions of the Guaranty (*compare* NYSCEF Doc No. 13 and NYSCEF Doc No. 44), which raises a fundamental question as to the authenticity or validity of the document (*see Lee v Royer Grimblat*, 228 AD3d 576, 577 [1st Dept 2024] [dismissal appropriate only where

157316/2021 MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA
Motion No. 001 002

Page 5 of 10

5 of 10

authenticity and validity of documentary evidence is undisputed]; *VXI Lux Holdco S.A.R.L.*, 171 AD3d at 193 [on a motion pursuant to CPLR § 3211 (a) (1) the contents of the documentary evidence must be unambiguous, authentic, and undeniable]). Therefore, the portion of the motion to dismiss based on documentary evidence fails.

## B. Failure to State a Claim and the NYC Administrative Code (001)

Defendant also contends the complaint fails to state a claim for which relief can be granted pursuant to CPLR § 3211(a)(7) because the New York City Administrative Code § 22-1005 (the Guaranty Law) makes the Guaranty unenforceable. Plaintiff has provided an affidavit of service of notice on New York City as required by CPLR § 1012 (NYSCEF Doc. No. 17). New York City chose not to intervene.

Plaintiff argues the Guaranty Law is unconstitutional as it is overbroad, permanently extinguishes fundamental contractual rights of the landlord, and was not reasonable and necessary. After the submission of the motion papers, a federal court in the Southern District of New York held the Guaranty Law violated the Contracts Clause of the United States Constitution (*Melendez v City of New York*, 668 F Supp 3d 184 [SD NY 2023]). Among the reasons for the District Court's conclusion were that the law did not consider need (such as a hardship requirement for guarantors) and that the City did not "justify its decision to exclusively allocate the burden on landlords" (*id.* at 204). That Court also noted this law did not delay the guarantor's obligations but extinguished the obligation to pay for rent arrears incurred during the relevant period (*id.* at 200). No definitive decision by a New York appellate court has been rendered as to the constitutionality of the Guaranty Law. *Melendez* is instructive, but not binding on this court (*see People v Kin Kan*, 78 NY2d 54, 60 [1991]). However, several other trial courts

157316/2021 MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA
Motion No. 001 002

Page 6 of 10

have adopted the reasoning of *Melendez* that the Guaranty Law is unconstitutional.[1] (*See Mark Propco LLC v Noro*, 2023 NY Slip Op 33068 [U] , *2-3 [Sup Ct, NY County 2023]; *Kensington House NY LLC v Accardi*, 2023 NY Slip Op. 31673 [U] [Sup Ct, NY County 2023]; *see also Robert T. Iannucci et ano. v Prime Four Inc. d/b/a Forno Rosso. et al.*, [Sup Ct, Kings County 2023, Boddie, J., Index No. 527321/2021]).

The Court finds no basis to depart from the sound reasoning or holding in *Melendez* and the other New York State trial courts that the Guaranty Law is unconstitutional. Therefore, the motion to dismiss on this ground is denied.

### C. Defendant's Motion to Dismiss Counts 1 and 2 (002)

In Motion Sequence 002, the defendant moves to dismiss again, this time attacking the first and second causes of action, which seek declaratory judgment that the Guaranty Law is unconstitutional and regarding the interpretation of the Guaranty Law, respectively, for failure to name the City of New York as an indispensable party pursuant to CPLR § 3211(a)(10) and for lack of subject matter jurisdiction. Defendant did not violate the single motion rule as the prior motion to dismiss is still pending and there had been no determination of that motion on the merits (*Sampson v Roberts*, 212 AD3d 545, 546 [1st Dept 2023]; *Rivera v Bd. of Educ. of City of New York*, 82 AD3d 614, 614 [1st Dept 2011]). Moreover, defendant's CPLR § 3211 (a) (2) and (10) motion is neither repetitive nor based on an alternative ground *(Ultramar Energy Ltd. v Chase Manhattan Bank, N.A.*, 191 AD2d 86, 88 [1st Dept 1993]).

### 1. Subject Matter Jurisdiction

Pursuant to CPLR § 3211 (a) (2) an action should be dismissed when "the court has not jurisdiction of the subject matter of the cause of action." Contrary to defendant's contention, this

---

[1] The court has reviewed and considered the arguments contained in the letters submitted by both parties supplementing their motion papers after the motions were fully briefed.

**157316/2021 MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**
**Motion No. 001 002**

**Page 7 of 10**

7 of 10

court has subject matter jurisdiction to consider the constitutionality of the Guaranty Law. New York State Supreme Court is a court of general jurisdiction and is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed (NY Const., art. VI; *Thrasher v United States. Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]). Further, the Appellate Division, First Department, has remanded several cases to the trial court to further develop the record for the purpose of applying the Contracts Clause test to the Guaranty Law (*e.g., 45-47-49 Eighth Avenue LLC v Conti*, 220 AD3d 473, 474 [1st Dept 2023]; *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, 220 AD3d 525, 525 [1st Dept 2023]; *721 Borrower LLC v Moha*, 204 AD3d 510, 511 [1st Dept 2022]). Accordingly, dismissal pursuant to CPLR § 3211 (a) (2) is inappropriate and this portion of the motion fails.

### 2. Failure to Join the City

The portion of defendant's motion to dismiss for failure to join the City as a necessary and indispensable party pursuant to CPLR §§ 1001 and 3211 (a) (10) is also denied. Defendant claims the City is a necessary party because the Guaranty Law's constitutionality is fundamental to the ultimate relief requested by plaintiff, contending that if the law is constitutional it could block plaintiff from recovering a monetary award.

Under CPLR § 3211 (a) (10), a party may move to dismiss on the basis that "the court should not proceed in the absence of" a necessary party. CPLR § 1001 (a) defines a necessary party as "[p]ersons [or entities] who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or [persons or entities] who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants" (CPLR § 1001 [a]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 160 [1st Dept 2002]). In assessing the issue of complete relief, courts will consider whether the relief

157316/2021 MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA
Motion No. 001 002

Page 8 of 10

8 of 10

[* 8]

sought against a defendant relies on, in part or in whole, an adjudication of the liability of and/or harm caused by the nonparty sought to be joined (*see Almah LLC v AIG Empl. Servs., Inc.*, 159 AD3d 532, 532 [1st Dept 2018] [holding that complete relief could be accorded "between plaintiff and [defendant], without joining [nonparty]" because "[defendant's] liability, if any, will be limited to any damage that it caused during its tenancy; it will not be liable for damage that [nonparty] may have caused during its earlier tenancy"]). A dismissal for failure to join a necessary party will be reached as a last resort (*L-3 Communications Corp. v Safenet, Inc.*, 45 AD3d 1, 11 [1st Dept 2007]).

Here, complete relief is possible to the parties if there is an enforceable contract without the City's involvement in this lawsuit. No prejudice will ensue as the City is aware of this action, as evidenced by the affidavit of notice mentioned above, and the City specifically opted not to intervene (Email from New York City Law Department, attached as Exhibit 2 to affirmation of Ralph E. Preite, NYSCEF Doc No. 62; *see L-3 Communications Corp.*, 45 AD3d at 13 ["Courts have routinely recognized that the ability of a nonjoined party to intervene in an action to avoid prejudice is a compelling factor in determining whether to dismiss a case for failure to join a necessary party"]). Accordingly, defendant's motion is denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

## V. CONCLUSION

For the reasons discussed above, it is

ORDERED that defendant Lisa Jackson a/k/a Lisa M. Calicchio's motion to dismiss the complaint, pursuant to CPLR § 3211 (a) (1) and (7), is denied; and it is further

**157316/2021   MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA**
**Motion No. 001 002**

Page 9 of 10

9 of 10

[* 9]

ORDERED that plaintiff Mark Propco LLC's cross-motion to convert defendant's motion to dismiss to a motion for summary judgment, pursuant to CPLR § 3211 (c), and for a hearing on attorneys' fees, is denied; and it is further

ORDERED that plaintiff Mark Propco LLC's cross-motion for leave to amend the complaint, pursuant to CPLR § 3025 (c), is denied; and it is further

ORDERED that plaintiff Mark Propco LLC's cross-motion is granted in part as Administrative Code § 22–1005 is declared unconstitutional, however summary judgment pursuant to CPLR § 3212, is denied; and it is further

ORDERED that defendant Lisa Jackson a/k/a Lisa M. Calicchio's motion to dismiss the complaint, pursuant to CPLR § 3211 (a) (2) and (10), is denied; and it is further

ORDERED that defendant shall file her answer or otherwise respond to the complaint within twenty days of the date this decision and order is filed; and it is further

ORDERED that counsel shall appear for a status conference in person at 71 Thomas Street, New York, NY, on December 10, 2024, at 11:00 am.

This constitutes the decision and order of the Court.

| 10/11/2024 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | ALEXANDER M. TISCH, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

157316/2021  MARK PROPCO LLC vs. JACKSON AKA LISA M. CALICCHIO, LISA
Motion No. 001 002

Page 10 of 10

[* 10]