**62 Wooster, LLC v TML N.Y. Inc.**

2024 NY Slip Op 33648(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 159314/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ALEXANDER M. TISCH</u>      PART   18

                                     *Justice*

-------------------------------------------------------------------X

62 WOOSTER, LLC,

                         Plaintiff,

               - v -

TML NEW YORK INC.,MARK WILTZER, HIROYUKI
SASAKI

                        Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159314/2021 |
| MOTION DATE | 01/10/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 31, 32

were read on this motion to/for                    DISMISS                .

According to the Amended Complaint, plaintiff 62 Wooster, LLC, is the owner of the building located at 476 Broome Street, New York, NY. Defendant TML New York Inc. (Tenant) was the tenant of the ground floor store and some basement storage areas (together, the Premises) pursuant to a lease dated May 15, 2015, between plaintiff and Tenant's predecessor (the Original Lease). The lease was amended by the First Amendment of Lease dated August 2016 (the First Amendment) and the Assignment and Assumption of Lease and Consent of Landlord dated August 2016 (the Assignment, and together with the Original Lease and the First Amendment, the Lease Documents). Defendants Mark Wiltzer and Hiroyuki Sasaki were guarantors of the Original Lease pursuant to written guaranties.

From April 2020 through October 2020, after the start of the COVID-19 pandemic, Tenant failed to pay base rent and additional rent pursuant to the Lease Documents. Tenant

[* 1]

vacated the Premises on or about October 1, 2020. On or about October 15, 2020, plaintiff served a termination notice and terminated the Lease Documents as of October 20, 2020.

Plaintiff asserts six causes of action, all sounding in breach of contract, for rent and additional rent, for liquidated damages, and for fees and expenses against the Tenant and the guarantors.

1) Against Tenant, for failure to pay the base and additional rent from April 2020 through October 2020.
2) Against the guarantors, for unpaid base and additional rent accrued from July 2021 through October 2021.
3) Against Tenant for liquidated damages pursuant to the Lease Documents
4) Against the guarantors for liquidated damages pursuant to the Lease Documents
5) Against Tenant for fees and expenses pursuant to the Lease Documents
6) Against the guarantors for fees and expenses pursuant to the Lease Documents.

Here, the guarantors move to dismiss the claims against them pursuant to CPLR § 3211(a)(1) and (7) on the grounds that the guaranties were unenforceable pursuant to New York City Administrative Code Section 22-1005 (the Guaranty Law) and because the guaranties signed by the guarantors were "good-guy guaranties" which terminated when the Tenant vacated the Premises. Guarantors also seek their costs in making this motion.

The Court will first consider the argument that the guaranties signed by the Guarantors terminated when the Tenant vacated the Premises. To succeed on a motion to dismiss pursuant to CPLR § 3211 (a) (1), the documentary evidence submitted that forms the basis of a defense must resolve all factual issues and definitively dispose of the plaintiff's claims (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152 [2002]; *Blonder & Co., Inc. v Citibank, N.A.,* 28 AD3d 180, 182 [1st Dept 2006]). A motion to dismiss pursuant to CPLR § 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*McCully v. Jersey*

[* 2]

*Partners, Inc.,* 60 AD3d 562, 562 [1st Dept. 2009]). The facts as alleged in the complaint are regarded as true, and the plaintiff is afforded the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).

CPLR § 3211 (a) (1) does not explicitly define "documentary evidence." As used in this statutory provision, "'documentary evidence' is a 'fuzzy term', and what is documentary evidence for one purpose, might not be documentary evidence for another" (*Fontanetta v John Doe 1,* 73 AD3d 78, 84 [2nd Dept 2010]). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (*id.* at 86, citing Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 3211:10, at 21-22). Typically that means "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' " (*id.* at 84-85). Here, the documentary evidence is the guaranties, themselves.

> The guaranties provide that the guarantors shall be liable for:
>
> "sums which shall be payable by Tenant Landlord pursuant to the Lease for the entire period in which Tenant . . . or assignee of Tenant . . . shall be the actual tenant-in-possession of the [Premises]; provided, however, that it is expressly understood and agreed by Landlord that Guarantor shall not be liable . . . for any period commencing after the Original Tenant [or assignee] has, either voluntarily or pursuant to court order or judgment, physically vacated and surrendered legal possession of the Demised Premises to Landlord"

(Guaranties, attached as Exhibit A to Affirmation of Hiroyuki Sasaki, NYSCEF Doc. No. 009, pp 77, 82). As the plaintiff acknowledges the Tenant vacated the Premises and plaintiff terminated the lease in October 2020, movants argue that they cannot have any liability pursuant to the Guaranties after that date.

The plaintiff contends the guarantors are obligated until the Surrender Date, as defined in the Lease Documents, which has not yet occurred. While the guaranties each state that "[t]he

[* 3]

purpose of this Guaranty is to assure Landlord . . . that the payment of all rent and additional rent . . . accruing under the Lease through the Surrender Date," each also contains a provision terminating the guarantee when the Tenant vacates the Premises, which occurred in October 2020. Therefore, the Guarantors do not have any obligations pursuant to the guaranties after October 2020. As all of the claims against the Guarantors stated in the Amended Complaint accrued after the Tenant vacated the Premises, the documentary evidence, the guaranties, utterly refutes plaintiff's factual allegations as to the Guarantors' obligations, conclusively establishing a defense as a matter of law. In light of the above, the Court need not reach the issue of the applicability and impact of the Guaranty Law.

For the reasons discussed above, it is

ORDERED that the Guarantors' motion to dismiss is hereby GRANTED and the claims against the Guarantors are hereby DISMISSED; and it is further

ORDERED that as far as the movants request sanctions, that portion of the motion is DENIED as the complaint is not frivolous; and it is further

ORDERED that counsel for the remaining parties shall appear at a conference with the court at 71 Thomas Street, New York City, NY, on November 19, 2024, at 10:00am.

| 10/11/2024 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | ALEXANDER M. TISCH, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]