Panasia Estate, Inc. v Glazer (2024 NY Slip Op 05064)

Panasia Estate, Inc. v Glazer

2024 NY Slip Op 05064

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kern, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 150764/23 Appeal No. 2828, M-4073 Case No. 2024-03213 

[*1]Panasia Estate, Inc., Plaintiff-Appellant,
v
Andrew Glazer, et al., Defendants-Respondents.

Aronauer & Yudell, LLP, White Plains (Joseph Aronauer of counsel), for appellant.
Whitman Breed Abbot & Morgan LLC, White Plains (John M. Hendele IV of counsel). for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.) entered April 8, 2024, denying plaintiff's motion for summary judgment in lieu of complaint on its claim for amounts due under the parties' guaranty, unanimously reversed, on the law, without costs, the motion granted as to liability, and the matter remanded for further proceedings consistent with this decision.
Plaintiff established its entitlement to judgment as a matter of law, as there is no question that at least certain amounts became due under the guaranty and fell outside the statutory period of repose under Administrative Code of City of New York § 22-1005 (the guaranty law). Thus, the court should have granted plaintiff's motion as to liability and held further proceedings on damages, including whether and the extent to which the guaranty law applies here (see e.g. 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021]).
Although plaintiff asks us to determine the constitutionality of the guaranty law on appeal, these arguments were raised for the first time in its reply papers in Supreme Court and therefore will not be considered (see e.g. JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012]). However, further proceedings on damages may also include whether the guaranty law applies as a constitutional exercise of the Contracts Clause of the United States Constitution upon the parties' development of the record (see 721 Borrower LLC v Moha, 204 AD3d 510 [1st Dept 2022]). Pursuant to CPLR 1012(b)(2), plaintiff shall also serve notice on nonparty City of New York and file proof of service with the Supreme Court to enable the City to intervene in support of the guaranty law's constitutionality (45-47-49 Eighth Ave. LLC v Conti, 220 AD3d 473, 474[1st Dept 2023]).
We have considered plaintiff's remaining contentions and find them unavailing. M-4073 - Panasia Estate, Inc. v Andrew Glazer et al.
Motion to take judicial notice, granted with respect to reply memorandum of law submitted to Supreme Court, and otherwise denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024