| **Minhas v Trustees of Columbia Univ. in the City of N.Y.** |
|:---:|
| 2025 NY Slip Op 32461(U) |
| July 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159526/2024 |
| Judge: Alexander M. Tisch |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ALEXANDER M. TISCH**          PART          18
               *Justice*

-------------------------------------------------------------------------X

AHMAD MINHAS

                              Petitioner,

                    - v -

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK,

                              Respondent.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159526/2024 |
| MOTION DATE | 01/06/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38

were read on this motion to/for                                   DISMISSAL                                   .

According to the Verified Petition (NYSCEF Doc. No. 001) in this matter, petitioner Ahmad Minhas, a Columbia University dental student, was expelled from the Columbia College of Dental Medicine for purportedly exhibiting unprofessional behavior in an exchange between the petitioner and the family member of a dental patient. Petitioner claims the decision of the Columbia University Center for Success should be annulled because it violated due process and conflicted with Columbia University's Charters and Statutes, as Columbia failed to follow its own established procedures.

In the instant motion, respondent, The Trustees of Columbia University in the City of New York a/k/a Columbia University (Columbia) moves to dismiss the petition pursuant to CPLR 3211(a)(1) and (7), based on documentary evidence and for failure to state a claim for which relief can be granted. Columbia casts petitioner as a student with a history of misconduct, including two prior disciplinary probations and a suspension from the College of Dental Medicine, who then tried to stop staff from reporting the incident with the patient's parent or at least influence what

the other staff members reported. Columbia contends the hearing was performed in accordance with their policies, the Appellate Officer who reviewed the petitioner's appeal of both the determination and the sanction upheld the decision, and the portion of the Columbia Charters and Statutes relied on by petitioner relates to conduct in the course of a demonstration and does not apply here.

Pursuant to CPLR § 7803(3), "'in a proceeding in the nature of mandamus to review…[t]he standard of review is whether the agency determination was arbitrary and capricious or affected by an error of law'" (*Anonymous v Comm'r of Health*, 21 AD3d 841, 843 [1st Dept 2005] quoting *Scherbyn v Wayne-Finger Lakes Bd. of Co-op. Educ. Servs.*, 77 NY2d 753, 758 [1991]). "An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (*Matter of Delillo v New York State Div. of Hous. and Community Renewal*, 45 AD3d 682, 683 [2d Dept 2007] *see also Gilman v New York State Div. of Housing and Community Renewal*, 99 NY2d 144, 149 [2002]). "It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record" (*Partnership 92 LP v State Div. of Hous. & Cmty. Renewal*, 46 AD3d 425, 428 [1st Dept 2007]).

To succeed on a motion to dismiss pursuant to CPLR § 3211 (a) (1), the documentary evidence submitted that forms the basis of a defense must resolve all factual issues and definitively dispose of the plaintiff's claims (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *Blonder & Co., Inc. v Citibank, N.A.*, 28 AD3d 180, 182 [1st Dept 2006]). A motion to dismiss pursuant to CPLR § 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations,

[* 2]

conclusively establishing a defense as a matter of law" (*McCully v. Jersey Partners, Inc.*, 60 AD3d 562, 562 [1st Dept. 2009]). The facts as alleged in the complaint are regarded as true, and the plaintiff is afforded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration (*see e.g. Nisari v Ramjohn*, 85 AD3d 987, 989 [2nd Dept 2011]). Here, the documentary evidence is the various handbooks and sets of standards and disciplinary rules on which plaintiff relies.

On a motion to dismiss a plaintiff's claim pursuant to CPLR § 3211 (a) (7) for failure to state a cause of action, the court is not called upon to determine the truth of the allegations (*see, Campaign for Fiscal Equity v State*, 86 NY2d 307, 317 [1995]; *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509 [1979]). Rather, the court is required to "afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference [citation omitted]. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). The court's role is limited to determining whether the pleading states a cause of action, not whether there is evidentiary support to establish a meritorious cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180 [2d Dept 2010]).

The petition is based on several elements of the procedure leading to petitioner's expulsion. First, after the hearing on April 2, 2024, petitioner was sent additional written evidence on April 17, 2024; second, Columbia failed to provide petitioner with a required investigative report before the hearing; third, petitioner was not allowed to pose questions to the witnesses; fourth, petitioner was not provided an advisor for the proceeding; and finally, petitioner argues his exchange with

**159526/2024 Motion No. 002**

**Page 3 of 6**

the parent was so insignificant that it shocks the conscience Columbia could deem that it merited expulsion, especially when taken in context of petitioner's financial investment and academic accomplishments.

Petitioner contends Columbia failed to follow its own procedures when he was told just before the hearing that neither an advisor nor a student navigator would be provided for him, citing page 20 of the Standards and Discipline Handbook (attached as Exhibit 1 to Affirmation of Lorraine Frazier, NYSCEF Doc. No. 24). That handbook, which constitutes documentary evidence, describes the role of student navigators in disciplinary proceedings. The handbook notes that a meeting with a navigator cannot be guaranteed. It also provides that failure to provide a navigator is not grounds for delay or appeal (*id.* at 20). The handbook further describes the role of a staff advisor, which may be requested by a student facing a disciplinary process (*id.* at 19). The staff advisor can meet with the student before the hearing to answer questions and provide guidance on the process but cannot speak for the student at the proceeding. The handbook states "[i]t is the responsibility of the student to schedule time to meet with their Staff Advisor before the hearing" (*id.*). Petitioner also points to the Charters and Statutes of Columbia University, which do entitle a respondent to "the presence of an advisor throughout the process." However, that requirement comes from §446 of the Charters and Statutes, in Section XLIV (44), which discusses dissent, controversy, and free expression on campus and states limitations on protests and demonstrations, which do not apply here (Charters and Statutes, Columbia University in the City of New York, Exhibit N to Petition, NYSCEF Doc. No. 15, pp 136, 146). Accordingly, assuming the facts alleged in the Verified Petition to be true, being notified at the last minute before the hearing that he would not be provided an advisor is not a

[* 4]

violation of the University rules, policies, or procedures. Petitioner has failed to state a claim for which relief can be granted based on this alleged conduct.

Next, petitioner alleges he was not provided with a report about the incident. As discussed above, as far as petitioner bases his entitlement to a report on § 446 of the Charters and Statutes, that portion of that document does not apply to the type of conduct or disciplinary action at issue. As far as petitioner relies on the Standards and Discipline Handbook (pg. 18-19) as giving him the right to review the file related to the accusation, the University contends he, in fact, had an opportunity to review the file. However, petitioner contends he was never provided with the incident report. Giving petitioner the benefit of every inference, petitioner has stated a claim that he was not given access to the complete file as required by pages 18-19 of the Standards and Discipline Handbook.

Petitioner also alleges the disciplinary proceeding was improper because after the hearing on April 2, 2024, he was sent additional written evidence on April 17, 2024. Columbia notes petitioner was able to and did respond to those additional documents, which included video of the altercation, in writing before Columbia's determination was made (Letter from Ahmad Minhas dated April 22, 2024, attached as Exhibit F to Petition). Petitioner abandons this argument and does not argue it in his opposition to this motion. Accordingly, this portion of the motion to dismiss is granted and this portion of the petition will be dismissed.

Next, petitioner claims the procedure was faulty because he was not allowed to pose questions to the witnesses or suggest questions to be asked by others. He does not base this argument on any policy or procedure of Columbia but argues, without citation to law, the right to ask questions is a basic element of due process. However, even if petitioner is correct, a "student subject to disciplinary action at a private educational institution is not entitled to the full panoply

[* 5]

of due process rights. Such an institution need only ensure that its published rules are substantially observed" (*Matter of Kickertz v New York Univ.*, 25 NY3d 942, 944 [2015] [internal quotations and citations omitted]). Columbia points out that the process for a hearing described in the Standards and Discipline Handbook does not allow the subject to question witnesses (NYSCEF Doc. No. 3, pp 14, 21). Accordingly, this portion of the petition fails, as well.

Finally, the petitioner alleges his exchange with the parent was so insignificant that it shocks the conscience Columbia could deem that event merited expulsion. In Columbia's motion to dismiss, the university adds the context of petitioner's history of disciplinary actions, probations, and suspension for violations of University policy. In his opposition, petitioner abandons this argument. Accordingly, this portion of the motion to dismiss is granted and this portion of the petition will be dismissed.

Accordingly, this motion is hereby GRANTED in part and it is hereby

ORDERED that the petition is dismissed except as to the portion of the petition predicated on petitioner not having had access to the incident report; and it is further

ORDERED that respondent may e-file an answer to the petition on or before August 6, 2025; and it is further

ORDERED that counsel shall appear for a conference in person at 71 Thomas Street, New York City, New York, on August 26, 2025, at 3:00 pm.

_____7/11/2025_____
DATE

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]